The cause was argued before CHASE, Ch. J. TILGHMAN, NICHOLSON, and GANTT, J.

*J. Bayly*, for the appellant, to shew that such a contract ought to be enforced, cited 1 *Eq. Ab.* 21. 1 *Vern.* 363. 2 *Vern.* 455. 2d pt. 1 *Eq. Ab.* 32, 42, 44. 1 *Atk.* 12, 15. 1 *Ves.* 83, 221, 297, 411. 2 *Ves.* 299. 3 *Atk.* 4.

*Shaaff*, contra, contended, that chancery would not enforce a contract which the party who applied to have it enforced had shown an unwillingness to comply with on his part. That a contract, if in writing, would not be enforced if there was proof that it had been rescinded by parol. 1 *Fonbl.* 392, *(note e.)*

THE COURT OF APPEALS *affirmed* the decree of the Court of Chancery.

---

CLARKE *vs.* MAGRUDER, *et al.*

APPEAL from the General Court. This was an action of *assumpsit*, brought by the appellees, (the plaintiffs in the court below,) for goods *sold and delivered*, &c. The writ issued on the 9th of March 1799, and at May term 1802, the action was entered for the use of *Samuel Johnston*, and others. The defendant, at October term 1799, pleaded *non assumpsit*, and issue was then joined. He afterwards, at October term 1801, filed an *account in bar*, and gave notice of a *set off*.

Unless the contrary is proved, it is presumptive evidence that a clerk, who is dead, and who made certain entries on the books of his employer, delivered the goods, as charged.

The defendant may set off, against the plaintiff's demand, a note of the plaintiff's accrued subsequent to the commencement of the action.

1. The plaintiff, at the trial at October term 1804, produced the original partnership day books in court, and a witness to prove the hand writing of the clerk who made the entries in the books, the clerk being dead. This was resisted by the defendant's counsel.

CHASE, Ch. J. The court have no doubt upon the subject. It is to be presumed, the entries being made in the hand writing of the clerk, that he delivered the goods as charged. The defendant may prove the contrary, and if he does not, it is presumption, on the part of the plaintiffs, that the clerk who made the entries on the books delivered the goods.

2. The plaintiffs then read in evidence the original writ which issued in this case on the 9th of March 1799, (there being no endorsement at that time for the use of *Samuel Johnston*, and others,) and that it was served on the 19th

of April 1799, with a copy of the declaration and accounts, and gave in evidence, that at October term 1799, the plea of *non assumpsit* was put in, and issue joined in the cause. They further gave in evidence, that the defendant was indebted to them on the 13th of August 1798, for goods, wares and merchandizes, to him sold and delivered before that time, in the sum of £381 10 3¼ current money. The defendant then offered evidence to prove, that on the 24th of August 1798, he paid the plaintiffs the sum of £98 12 6 current money, part of the debt due to them; and that, by his counsel, he gave notice of a set off at October term 1801, of the following note, with the endorsement thereon:

"Baltimore, October 29, 1799.

For Dollars 1270 92. Six months after date we promise to pay to Mr. *P. D. Goverts,* or order, one thousand two hundred seventy dollars and ninety-two cents, for value received.                *Wm. B. Magruder* & Co."

Which note was thus endorsed: "I hereby assign and make over all my right, title, claim and interest, of the within note, to *Bailey E. Clark,* for value received, he clearing me of my indorsement, and all possible consequences.                *Peter D. Goverts.*"

And the defendant proved the signature to the note, "*Wm. B. Magruder, & Co.*" to be the signature and proper hand writing of the plaintiffs, and the hand writing and signature of *Peter D. Goverts,* to whom the note was made payable. He also gave in evidence, that the entry on the docket of the plaintiff's cause of action for the use of *Samuel Johnston,* and others, was made at May term 1802, and not before. The plaintiffs then produced and read in evidence, by and with the consent of the defendant and his counsel, the certificate of *Peter D. Goverts,* to prove that the defendant, on the 16th of May 1800, and not before, purchased the note from him for the sum of $225. "*Baltimore,* September 12, 1803. I, the subscriber, hereby certify to have sold to Mr. *Baley E. Clarke,* on the 16th of May 1800, Messrs. *Wm. B. Magruder, & Co's* note of hand, drawn in my favour, and amounting to dollars 1270 92 cents, dated October the 29th, 1799, six months after date, for the sum of $225, in consideration of he the said *Clarke* not holding me responsible for my indorsement.

*Peter D. Goverts.*"

1807.

Clarke
vs
Magruder

The plaintiffs then prayed the opinion of the court, and their direction to the jury, that the defendant could not avail himself in law of the note so made and endorsed to him as a set off in bar to the residue of their claim.

*Key,* and *T. Buchanan,* for the plaintiffs, cited and relied upon *Evans vs Prosser,* 3 *T. R.* 186. The act of assem. 1785, *ch* 46. 1 *Esp.* 239. *Bull N. P.* 180. The statutes, 2 *Geo.* II, *ch* 22, *s.* 13, and 8 *Geo.* II, *ch* 24, *s.* 4, 5. 3 *Went. Plead.* 159 to 172. *Imp. C. B.* 204, 254, 294. *Morg. Vad.* 350. *Marsh, et al. vs. Chambers,* 2 *Stra.* 1234.

*Mason,* for the defendant, cited and relied on *Gassaway vs Dorsey,* 4 *Harr. & M'Hen* 405. *Wolgamot vs Bruner,* 4 *Harr. & M'Hen.* 89. *Baskerville vs. Brown,* 2 *Burr.* 1229. 1 *Esp.* 240. The act of assem. 1785, *ch* 46, *s.* 7. *Barnes's Notes,* 450. *Bull. N. P.* 181. *Collins vs Collins,* 2 *Burr.* 320.

CHASE, Ch. J. *(a).* The court are of opinion, that the defendant is not entitled to the set-off claimed, as his right to the plaintiffs' note accrued subsequent to the commencement of this action. If this set-off was allowed, great mischief would result from it. It would burthen the plaintiff with the costs of suit, although at the time he instituted his suit he had a good cause of action, and against which, at the time, there was no defence, and it would encourage and sanction a practice which ought not to receive any countenance or favour from this court—the practice of buying up claims against a plaintiff, which, instead of promoting, would be a perversion of justice.

The act of assembly, in the opinion of the court, makes no change in the law as to the time the cause of action accrues. It enumerates the cases in which the set-off may be claimed, and allows the defendant to plead it, or give it in evidence on the general issue, on filing his cause of action, and giving notice that he claims to set it off against the plaintiff's suit.

Certainly the act of assembly ought to be liberally construed so as to prevent circuity of action, and to do justice between the parties in the adjustment of their mutual debts, *subsisting* at the time the action was brought; but there would be no liberality or justice in construing it so

*(a) Done* and *Sprigg,* J. concurred.

as to sanction and legalize the practice of buying up claims to harass the plaintiff, and burthen him with costs, without any fault in him.

The chief judge observed, that the defendant can avail himself of nothing done during the pendency of the action, unless it has the concurrent act of the plaintiff. The debt must be a subsisting debt at the time the suit is brought. If the defendant pays the debt, or has a release, he must plead it after the last continuance. If a *feme sole* marries pending the suit, it must be pleaded *puis darrein continuance.*

In the case of *Wolgamot vs. Bruner*, there were three pleas, viz. Nothing in arrear, payment, and set-off. There was a demurrer to the last plea, and an exception to the other pleas. The exception was defective; and the only question was upon the plea of set-off, as the party could not take advantage of the exception, it being defective. *Barnes's Notes* was the only case referred to on the set-off. The case of *Sapsford vs. Fletcher*, 4 *T. R.* 511, is certainly good law; it was there considered, that payment to the landlord by the subtenant, is payment to the tenant. All the authorities, both before and since the revolution, concur in establishing that a plea of set-off is not a good plea to an avow in replevin. The defendant excepted. Verdict and judgment for the plaintiff, and the defendant appealed to this court.

The cause was argued before TILGHMAN, NICHOLSON, and GANTT, J.

*Shaaff, Johnson*, (Attorney General,) and *Van-Horn*, for the appellant, referred to the statutes of 2 *Geo.* II, *ch.* 22, *s.* 11. 8 *Geo.* II, *ch.* 24, *s.* 4, 5; and the act of 1785, *ch.* 46, *s.* 7. *Collins vs. Collins*, 2 *Burr.* 824. Stat. 8 & 9 *Wm.* III, *ch.* 11. *Evans vs. Prosser*, 3 *T. R.* 186.

*Key* and *T. Buchanan*, for the appellees, cited *Baskeville vs. Brown*, 2 *W. Blk. Rep.* 293. 2 *Burr.* 1229. *S. C.* 3 *Morg. V. M.* 191, 350. 2 *Harr. Ent.* 468. 3 *Went.* 160. &c. 1 *Esp.* 238, 239.—*Le Bret vs. Papillon*, 4 *East*, 507. *Stone vs. Rafter*, 1 *Harr. & Johns.* 365. *Reynolds vs. Beerling*, 3 *T. R.* 188.

THE COURT of APPEALS *reversed* the judgment of the General Court.

1807.

Clarke
vs
Magruder

A debt or demand may be set off, or pleaded in discount, altho' it was not subsisting at the time the action was brought.