JAMES A. and GEORGE E. SANGSTON, *vs.* MAITLAND, KEN-
NEDY and COMPANY.—*December* 1840.

Under the general issue plea, in an action of assumpsit, evidence of a set-off
is not admissible.

In an action brought in the name of principals, for the price of goods sold by
their factors, the defendants cannot be allowed to discharge, or extinguish
the claims in whole or in part, by proof, that the factors agreed to receive
in payment, their own notes, usuriously discounted by the defendants.

Nothing can amount to satisfaction of a debt, which is of no value in the
eye of the law.

APPEAL from *Baltimore* County Court.

This was an action of *assumpsit* brought by the appellees
against the appellants, on the 8th March 1838. The appel-
lants pleaded the general issue. The verdict was for the plain-
tiffs below.

At the trial, the plaintiffs to support the issue on their part,
proved by *James Winchester*, a clerk of *Campbell & McIlvain*,
merchants of *Baltimore*, that the goods for the price of which
this suit was instituted, and of which the following paper,

No. 1.    *Items on Kennedy, Maitland & Co. account in hands
of John Glenn, Esq, against J. A. Sangston & Co.*

| 1837. | | | | | | | |
|---|---|---|---|---|---|---|---|
| March | 15 | 15 ps, | Sheeting, | 525 | *a* | 21 | $110.25 |
| " | " | 10 " | do. | 350 | | 17 | 60.38 |
| " | 17 | 8 " | do. | 280 | | 17 | 48.30 |
| April | 5 | 10 " | Bear Duck, | 350 | | 10 | 35.00 |
| " | " | 7 " | Sheeting, | 245 | | 21 | 51.45 |
| " | 21 | 20 " | do. | 700 | | 21 | 147.00 |

$452.38

was the bill of particulars furnished to the defendants, belong-
ed to the plaintiffs, and that the said goods were sold by *Camp-
bell & McIlvain* as their factors; the defendants then on cross
examination proved by the said witness, that *Campbell & Mc-
Ilvain* at the time of the transaction in question, sold goods on
their own account as importers, as well as for others in the ca-
pacity of commission merchants and factors; that the said
goods were sold by *Campbell & McIlvain* to the defendants in

their own name, and as their own property, the following be-
ing the bills of purchase furnished by them to the defendants,
in which it was admitted the goods in dispute are included.

No. 2. *Baltimore, 21st April,* 1837.

*Messrs. J. A. Sangston & Co.*

Bought of *Campbell & McIlvain.*

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 *ps.* | B blk. | Bombazine, | 9392, 60 | *a* | 38 | $22.80 |
| 1 " | I blk. | do. | 8357, 60 | *a* | 38 | 22.80 |
| 1 " | B blk. | do. | 9390, 60 | *a* | 35 | 21.00 |
| 1 " | I blk. | do. | 9229, 60 | *a* | 35 | 21.00 |
| 1 " | B blk. | do. | 9736, 60 | *a* | 50 | 30.00 |
| 1 " | I blk. | do. | 5739, 60 | *a* | 50 | 30.00 |
| 20 " | Im. Russia Sheeting, | | 25 *ea.* 700 | *a* | 21 | 147.00 |

$294.60

No. 3. *Baltimore, April 5th,* 1837.

*Messrs. J. A. Sangston & Co.*

Bought of *Campbell & McIlvain.*

| | | | | | |
|---|---|---|---|---|---|
| 24 *ps.* | Bro. Bear Duck, | 840 yds. | 9 *c.* | $75.60 |
| 10 " | Sup. " " | 350 | 10 *c.* | 35.00 |
| 7 " | Im. Russia Sheeting, | 245 | 21 *c.* | 51.45 |
| E.* 4 1 | Lacquired Faus, | 500 | 6 *c.* | |

$162.05

No. 4. *Baltimore, 17th March,* 1837.

*Messrs. J. A. Sangston & Co.*

Bought of *Campbell & McIlvain.*

30 *ps.* double twill Crape Camblets, 1093 yds. *a* $1, $1093.00
10 dozen men's kid Gloves, No. 47, $5    -    -    50.00
6    "    "    "    174, $4 -    -    - 24.00
8 pieces Bro. Im. R. Sheeting, 280 yds. 17¼ *c.*    48.30

$1215.30
Less 1 p. short of No. 47,    42

Ex'd.    $1214.88

Sangston *vs.* Maitland, *et al.*—1840.

No. 5.                    *Baltimore, 15th March, 1837.*
*Messrs. J. A. Sangston & Co.*
                    Bought of *Campbell & McIlvain.*

| | | | | | |
|---|---|---|---|---|---|
| 15 *ps.* | Bleached I. R. Sheetings, | 525 yds. | *a* 21.2 *c.* | $112.88 |
| 10 " | Brown, " " | , 350 | 17.2 | 61.25 |
| 3 " | Canvass, No. 3, | 132.3 | 17.3 | 23.56 |
| 5 " | Canvass, No. 4, | 220.1 | 16.3 | 36.89 |

                                        $234.58
    off ½ at on 525 yds. sheeting, 2.63
      ¼ " " 250      "      87—          3.50
                                        ———————
    Ex'd.                               $231.08

that the persons to whom the said goods belonged were not disclosed to the defendants; that they were sold on a credit of eight months; that the sale was guaranteed by *Campbell & McIlvain,* and that *Campbell & McIlvain* failed in *May 1837.* The plaintiffs having here rested their case, the defendants offered in evidence the following receipt:

No. 6.   Copy.   *Baltimore, 31st May,* 1837.   Received of *Messrs. J. A. Sangston & Co.* their note at nine months from 15th April, for sixteen hundred dollars, being on account of our bill against them.        For *Campbell & McIlvain*,
      $1600.                             J. WINCHESTER.
    A true copy from the original receipt.      J. J. POLLARD.

And proved that the note for $1600, given by them in conformity with the said receipt, was paid at maturity, the note being produced by them at the trial.

No. 7.                    *Baltimore, 15th April,* 1837.
      $1600.   Nine months after date, we promise to pay to the order of *Campbell & McIlvain,* sixteen hundred dollars and no cents, for value received.   J. A. SANGSTON & Co.

*C. & McI.   No.* 3166.   Due 15–18 January, 1838.
"Endorsed,   *Campbell & McIlvain.   Alex'r Fridge.*"

The plaintiffs then proved, that at the time the said receipt was given, an account existed between *Campbell & McIlvain* and the defendants, amounting to $3352.27, as appeared from the following account:

Sangston *vs.* Maitland, *et al.*—1840.

No. 8.   *Messrs. J. A. Sangston & Co.*

To *Campbell & McIlvain,* Dʀ.

| 1837. | | | | | |
|---|---|---|---|---|---|
| Jan'ry | 4 | Bill of this date, | | $37.86 |
| | 17 | do. | do. | 6.66 |
| | 19 | do. | do. | 22.28 |
| | 28 | do. | do. | 62.00 |
| Feb'ry | 22 | do. | do. | 112.20 |
| | 23 | do. | do. | 50.23 |
| | 25 | do. | do. | 199.06 |
| March | 15 | do. | do. | 234.58 |
| | 17 | do. | due 20 Jan. | 1214.88 |
| April | 5 | do. | do. | 162.05 |
| | 6 | do. | do. | 87.50 |
| | 10 | do. | do. | 100.00 |
| | 12 | do. | do. | 300.00 |
| | 17 | do. | do. | 252.87 |
| | 21 | do. | do. | 294.60 |
| | 24 | do. | do. | 100.00 |
| | | | | $3246.77 |
| March | 7 | do. | do. | 105.50 |

Average date 15th April, 1837,           $3352.27

And then offered in evidence the following entries from the day book of *Campbell & McIlvain.*

No. 9.

| | | |
|---|---|---|
| June 30 | By note for (due 18th Jan. 1830,) | $1600.00 |
| Aug. 31 | " goods belonging to *Wood, Johnston & Burrett,* - - - - | 132.91 |
| Sep. 20 | " ditto *Maitland, Kennedy & Co.* | 452.38 |
| Nov. 30 | " Note protested, $875.00 | |
| | Protest, 1.75— | 876.75 |
| " " | ditto ditto, | 876.75 |
| Dec. 21 | " Amount of bill against *E. S. Falconer,* | 3.13 |
| | | $3941.92 |

The defendants then proved by *James Winchester*, the before mentioned witness, that he was the clerk of *Campbell & McIlvain* during the year 1837, and had been so for several years; that *Campbell & McIlvain* failed in *May* 1837; that a short time after the failure of *Campbell & McIlvain*, in the latter part of *May*, he called on the defendants for a settlement of their account with *Campbell & McIlvain*, exhibiting the account already referred to as No. 9, as the correct amount, and desired the defendants to settle it by their notes; that the defendants stated that they were the holders and owners of two notes of *Campbell & McIlvain*, one dated the 1st March 1837, payable five months after date, drawn by *Campbell & McIlvain* in favour of the *Maryland Manufacturing Company*, for $875, and the other dated the 17th April 1837, at four months, drawn by *Campbell & McIlvain*, in favor of the *Maryland Manufacturing Company*, for $875, making together the sum of $1750, and that *Campbell & McIlvain* must deduct the amount of those notes from their account against them; that the witness expressed surprise, and said his principals would be much disappointed; that the defendants again remarked that *Campbell & McIlvain* had failed, that the notes would be due before the account, and that they would not settle it unless the said notes were deducted; that the witness then left the defendants, observing that he would consult *Campbell & McIlvain* and see them again; that after calling on *Messrs. Sangston's* several times, they stated that they had two notes of *Campbell & McIlvain*, which they held against the account; that the witness went back to the counting house and consulted *Campbell & McIlvain*, and then told *Sangston*, that C. & M. were much surprised at the claim, but as they wanted paper for a specific purpose, would take *Sangston's* note for $1600, which they gave, and they, *Sangstons*, mentioned that an interest account could be settled afterwards, which was accordingly given by the defendants, and a receipt taken. The note and receipt being the papers before referred to, No. 6 & 7. The defendants further proved by the witness, that a short time after the note for $1600 was given, as before stated, they prepared an account

current between *Campbell* & *McIlvain* and themselves, of which the following paper—

No. 10.

*Messrs. Campbell* & *McIlvain in acc't with J. A. Sangston & Co.*

1837.   March 2  To your note in favor *Maryland* Manufacturing Co. due 4th Aug. 1837,     $875.00

April 7  To your note in favor *Maryland* Manufacturing Co. due 20th of Aug. 1837,     -     -     875.00

" our note at nine months from 15th April 1837, due 18th January 1838, for balance of account, including interest ac't,     -     1600.00

Average, due 27th October 1837,     3350.00
Less Int. from 1st July till due, 118 days, 65.88
————— $3284.12

CR.

1837.   June 30  By sundry purchases from 4th Jan. 1837 to 24th April 1837, inclusive, per your ac't rendered av'ge due us, 17th December 1837,     -     -     -     $3352.27
Less Int. from 1st July till due, 169 days,   94.41

$3257.86
Add amount of interest not calculated on last settlement,     -     10.98
————— $3268.84

Balance due *J. A. Sangston & Co.* cash 1st July 1837,   15.28
Add error in bill 15th March,     3.50
"   Faulker's account,     3.13—     -     6.63

Errors Excepted.   *Baltimore*, *30th June*, 1837.     $21.91

The above is a true copy of the original.   J. J. POLLARD.
he believed was a copy, but could not say positively, the defendants having shown, that the original could not be found after diligent search for it among the papers of *Campbell* & *McIlvain;* that an account of which the said paper was a copy,

was given to him, the witness, that he might deliver it to *Campbell & McIlvain;* that he, the witness, did deliver it to *Mr. Campbell,* of the said firm of *Campbell & McIlvain,* and heard from him no objections as to its accuracy or correctness. The defendants further proved by *Mr. McIlvain,* of the said firm of *Campbell & McIlvain,* that they had in the summer of 1837, tendered to him the notes drawn by *Campbell & McIlvain* for $875 each, before referred to, and that he had refused to receive them, on the ground that that department of the business was not under his care.  The notes were produced at the trial by the defendants and offered to be surrendered.

No. 11.  *Baltimore, March* 1, 1837.  Five months after date, we promise to pay the *Maryland Manufacturing Company,* or order, eight hundred and seventy-five dollars, for value received.

  $875  Aug. 1–4  C<small>AMPBELL</small> & M<small>C</small>I<small>LVAIN.</small>
  Endorsed,  "*M. McBlair, Ag't M. M. Co.*"

No. 12.  *Baltimore, April* 17, 1837.  Four months after date, we promise to pay the *Maryland Manafacturing Company* or order, eight hundred and seventy-five dollars, for value received.

  $875.  Aug. 17–20  C<small>AMPBELL</small> & M<small>C</small>I<small>LVAIN.</small>

  19th August 1837, pr'd for non p't.  J. B. L. *n. p.*

The plaintiffs then proved by *Mr. Fenby,* the clerk of the *Messrs. Dawsons,* the agents of the plaintiffs, that in August or September 1837, he left a copy of the following paper—

"No. 13.  *Memo. of sales made by Campbell & McIlvain, of goods belonging to Messrs. Maitland, Kennedy & Co. of New York, to the following persons, which remain on open account and not settled for.*

1837. February 16. *Hall & Co.*

     195 - 30 *ps.* 1800 yds.
     196 - 30 " 1800 "
     197 - 12 "  720 "

       4320 " *a* 11 cts. $475.20

March 10 Mrs. Weaver, Fell's Point, 1 *ps.* Sheeting,
    35 yds. at 22 cts. -  -  7.87

Sangston *vs.* Maitland, *et al.*—1840.

March 15 J. A. Sangston & Co.    15 *ps.* Sheeting,
                 525 yds. at 21 cts.   -    -   $110.25

     15 J. A. Sangston & Co.    10 *ps.* Sheeting,
                 350 yds. at 17 cts.   -    -   $60.38

     17 J. A. Sangston & Co.    8 *ps.* Sheeting,
                 280 yds. at 17 cts.   -    -   48.30

     28 B. C. Wright & Co.    15 *ps.* Bear Duck,
                 525 yds. at 10 cts.   ..    -   52.50

April   5 J. A. Sangston & Co. 10 *ps.* Bear Duck,
                 350 yds. at 10 cts.   -    -   35.00

      5 J. A. Sangston & Co.    7 *ps.* Sheeting,
                 245 yds. at 21 cts.   -    -   51.45

     12 S. T. Walker,       10 *ps.* Bear Duck,
                 350 yds. at $10\frac{1}{4}$ cts.   -    -   35.88

     12 S. T. Walker,       6 *ps.* Ticklenb'gs,
                 360 yds. at 11 cts.   -    -   39.60

     21 J. A. Sangston & Co.    20 *ps.* Sheeting,
                 700 yds. at 21 cts.   -    -   147.00

The above persons will settle their respective amounts with *Messsrs. William Dawson & Co.* on account of *Messrs. Maitland, Kennedy & Co.*       CAMPBELL & McILVAIN."

at the store of, or with the defendants, for the purpose of informing them that the goods in dispute were claimed by the plaintiffs, and also proved by *Mr. Campbell*, of the said firm of *Campbell & McIlvain,* that he had no recollection of ever having seen an account of which the paper before referred as No. 10, is said to be a copy, and certainly never assented to or acquiesced therein; and by *Mr. McBlair,* the President of the *Maryland Manufacturing Company,* that the note of the 1st March 1837, before referred to as No. 11, was drawn for the accommodation of the said company, and the note of the 17th April 1837, referred to, as No. 12, was made for the benefit of *Campbell & McIlvain;* that he placed the note of the 1st March in the hands of an agent for the purpose of having it shaved, and received as its proceeds the sum of $ ———— being a discount at the rate of $2\frac{1}{2}$ per cent. per month.

The plaintiffs then offered in evidence the following answer of the defendants to a bill of discovery filed by the plaintiffs. *To the Honorable the Judges of Baltimore County Court:*

The petition of *David Maitland, David S. Kennedy,* and *Robert Soutter, Jr.,* humbly shews, that they have instituted a suit in this court against *James A. Sangston* and *George E. Sangston,* for goods sold and delivered to them, belonging to your petitioners, through the agency of *Campbell & McIlvain,* merchants of *Baltimore.* That your petitioners have heard and believe, that said defendants do not pretend to say that they ever paid said *Campbell & McIlvain* said debt, but that they hold in their possession one or two promissory notes, drawn by said *Campbell & McIlvain,* but which they never received from them nor with their assent, and which your petitioners believe they paid no full value for, or else received after they came to maturity. Your petitioners further state, that they desire an inspection of said note or notes, and also that said defendants may discover at what time they received the same, and from whom they received them, and what they paid therefor, if by a check or checks, that they may produce such check or checks. Your petitioners further state, that they have no means of ascertaining the facts inquired of as aforesaid, except through a discovery thereof from said defendants. They therefore pray that the said defendants may answer said interrogatories, and may produce and file said note, &c.

On this 19th February 1839, into open court comes *John Glenn,* and makes oath that the foregoing petition is not filed for the purpose of delay.          Thos. Kell. *Clk.*

Ordered by the court, this 19th of February 1839, that the defendants named in the aforegoing bill of discovery, answer the same on or before the 28th instant, provided a copy of said bill and this order be served on the said defendants, or their attorney, on or before the 23rd instant.     R. B. Magruder.

*James A. Sangston and George E. Sangston,* ats. *David Maitland, David S. Kennedy, Robert Soutter, Jr.* These defendants reserving to themselves all right of exception to the said bill of discovery, for answer thereto, or to so much there-

of as they are advised is necessary for them to answer unto, answering say. They deny that the complainants sold to them the goods referred to in the said bill, and state that said goods were sold and delivered to them by *Campbell & McIlvain*, merchants of *Baltimore*, in their own name, and as their own property, and that *Campbell & McIlvain* have been fully paid for the said goods by these defendants. These defendants admit that they were the holders and owners of two notes drawn by *Campbell & McIlvain*, copies of which are herewith annexed as part of this answer, numbered 1 & 2. They state that the note of the 1st March 1837, was received by them on the 2d March 1837, and that the note of the 17th April 1837, was received by them on the 17th of April, 1837, and that they became the holders and owners of the said notes at their store in Market street, *bona fide*, and for valuable consideration, on the days above specified. They state that the consideration given by them for the said notes was money paid in cash, and not by a check or checks. These defendants state that they received the said notes from *Lemuel E. Duvall*, to whom the money given for them was paid, and that for the note of the 1st of March, they gave $806.75, and for the note of the 17th April 1837, they gave $783.85.

*State of Maryland, Baltimore City:*—On this twenty-seventh day of February 1839, personally appeared before me the subscriber, a justice of the peace, for the said State and city, *George E. Sangston*, one of the defendants to the above answer, of the firm of *James A. Sangston and company*, and made oath that the facts therein stated are true, to the best of his knowledge. D. H. McDonald, *Justice of the peace.*

"Copy 1." *Baltimore, March 1st,* 1837. Five months after date we promise to pay the *Maryland* Manufacturing Company or order, eight hundred and seventy-five dollars, for value received. $875. Campbell & McIlvain.

"Copy 2." *Baltimore, April 17th,* 1837. Four months after date we promise to pay the *Maryland* Manufacturing Company or order, eight hundred and seventy-five dollars, for value received. $875. Campbell & McIlvain.

Whereupon the plaintiffs prayed the opinion and direction of the court to the jury, that if the jury believe that *Campbell & McIlvain* sold the goods for which this suit is brought, at the time and for the prices charged, and that they, the said *Campbell & McIlvain*, sold the same as the agents of the plaintiffs in this cause, to whom the goods belonged, and if the jury further find, that the notes offered in evidence by the defendants, as payment or set off, were usuriously discounted by defendants, that they are no defence to this claim, which opinion and direction the court (PURVIANCE, A. J.) gave to the jury. The defendants excepted.

And the verdict and judgment being against them, they brought the present appeal.

The cause was argued before STEPHEN, ARCHER, and CHAMBERS, J.

By R. N. MARTIN and W. SCHLEY for the appellants, who cited—*Paley on Agency*, 280, 325, 326. 28 *Law Lib.* 129. *George vs. Clagett et al*, 7 *Term Rep.* 360, 361. *Story on Agency*, 32, 33, 34. *Wheaton vs. Hibbard*, 20 *John.* 293. *Fitzroy vs. Gwillam*, 1 *Term Rep.* 153, 156. *Davis et al, vs. Barney*, 2 *Gill & John.* 382. *Sowerwein vs. Jones*, 7 *Gill & John.* 341. *Lucas vs. Latour*, 6 *Harr. & John.* 100. *McCombie vs. Davies*, 7 *East.* 5. *Hartshorne vs. Slodden*, 2 *Boss & Puller*, 583. *Phœnix vs. Assignees of Ingraham*, 5 *John.* 428. *Todd vs. Reid*, 4 *Bar. & Ald.* 210.

RICHARDSON for the appellees, cited, *Morris et al, vs. Clearsby*, 4 *Maul. & Sel.* 566. 28 *Law Lib.* 91. *Paley on Agen.* 28, 212, 290. 7 *Eng. C. L. Rep.* 10. *Guerreiro vs. Peile*, 3 *Barn. & Ald.* 616. 2 *Gall.* 13. *Stor. on Agen.* 88, 506. *Coates and another vs. Lewes*, 1 *Camp.* 444.

STEPHEN, J., delivered the opinion of the court, and after adverting to the facts of the cause, said, it now becomes the duty of this court to determine, whether or not, there is error in the opinion of the county court. In deciding upon this case,

from the views which we have taken, it is not deemed necessary to determine, whether or not, there was evidence sufficient to warrant the jury in finding that *Campbell & McIlvain* assented to the application of the two notes of the 1st of March, and the 17th of April 1837, to the payment in part, of the account which they had against the appellants, embracing with other demands the claim of the appellees, to recover which, this suit has been instituted; because under any aspect, the most favourable to the defendants, which the case could assume, we think that the judgment of the court below ought to be affirmed. In other words, if there had been the most conclusive and irrefragable proof of their assent, to make an application of the notes, it would have furnished no valid defence to the action of the appellees, if the jury had found from the evidence, that the defendants acquired title to them in the manner stated in the opinion of the court below. Admitting, that under the circumstances of this case, the purchasers would have been entitled to any set-off they might have had against the factors, (which however it is not necessary to decide, because the defendants have relied exclusively, upon the general issue under which it would not have been admissible in evidence,) it would not follow from the existence of such a right, to set-off a valid and legal demand, that they would also be clothed with the power of discharging or extinguishing the debt due to their principals, by agreeing to take in payment, that which was worthless and utterly void. The establishment of such a principle, might be productive of the grossest injustice, and would, we think, be fraught with the most dangerous consequences, in all dealings connected with, or growing out of the relation of principal and agent. We think therefore, it may be safely said, that the agents, or factors in this case, had no right to bind their principals, by any contract or agreement to take notes, which were void and tainted with usury, in payment of their debt, and that in so instructing the jury as to the law, the court below committed no error.

We further think, there was evidence sufficient to go to the jury, from which they might infer the fact, that the notes in ques-

tion were usuriously discounted by the defendants, and so commenced in usury, and became tainted therewith, at the time they acquired their right or title to them as the holders thereof. The testimony of *Mr. McBlair*, together with the defendant's answer to the bill of discovery, is, we think, very clear, and satisfactory upon that point. As to the note of the 1st of March he says, that he placed the note of the 1st of March in the hands of an agent for the purpose of having it shaved, and received the proceeds, after having allowed a discount at the rate of 2½ per cent. per month. This note the defendants state in their answer to the bill of discovery, they received on the 2nd of March, the day after it bore date, and paid for it $806.75. The note of the 17th of April they admit they received on the same day it bore date, and gave for it $783.85. In the absence therefore of all explanatory or countervailing proof, we think there was sufficient evidence to go to the jury, to warrant them in finding the fact, that the notes in question were usuriously discounted by the defendants, and that they commenced in usury, as their property, or when they became the holders thereof, and if so, we are clearly of opinion, the court below were right in saying, they were no defence to the action of the appellees, and in so instructing the jury. There is nothing in the record to show, that the factors are entitled to any lien against their principals, to the benefit of which the appellants could be entitled upon the principle of substitution. For the reason already given, if there was proof sufficient to place the defence upon the ground of accord and satisfaction, we do not think it would avail the appellants; because an agreement to take notes usurious and void, could not in legal construction be a valid satisfaction—nothing can amount to satisfaction, which is of no value in the eye of the law, therefore a release of an equity of redemption, has been formerly held to be no satisfaction. 1 *Bacon's Abr.* 43. *Title Acc. and Satisf.* For these reasons we think the judgment of the court below was correct, and ought to be affirmed.

JUDGMENT AFFIRMED.