## Case No. 5,189.

### GALE v. BEHLIN.

## Case No. 5,190.

### GALE v. NORRIS et al.

[2 McLean, 469.] [1]

Circuit Court, D. Illinois. June Term, 1841.

Cowles & Krum, for plaintiff.

Mr. Strong, for defendants.

OPINION OF THE COURT. This is a motion for a new trial [in the suit of Gale against Norris and Burr], and it turns upon exceptions taken to a deposition at the last term, which was then, on the trial of this case, admitted in evidence. The motion was continued from that term. The deposition was introduced to prove a book account of the plaintiff, who resides at New Orleans, where the transactions, which led to this suit, were had, and where the books of the plaintiff now are. The witness states that he was clerk in the commission house of the plaintiff, at New Orleans; that he has examined the accounts on the book, and the items copied by him, and particularly des-ignated, are correct. They are items ad-vanced by the plaintiff to fit out a vessel, &c., and of which he had personal knowledge. There are some other items charged in gross, to wit: one for $361, and others, amounting to $700, which were entered by the book-keeper, who is now deceased. Of these items the witness has no personal knowledge. They are such articles as are usually fur-

[1] [Reported by Hon. John McLean, Circuit Justice.]

nished on similar occasions, and they are set down at the customary prices; but the witness knows nothing of their delivery. This deposition was permitted to be read as evidence at the last term, and the question now is, whether it should have been admitted.

Books of accounts are not evidence at common law. But books are received as evidence under peculiar circumstances; as, where the entries have been regularly made by a clerk, who is deceased. In many of the states this subject is regulated by statute, and, in others, there have been certain rules established as to the admission of books in evidence, not entirely in accordance with the established law of evidence. The leading case on this subject is Lord Torrington's, reported in 1 Salk. 285. In that case it was held that, in an action of assumpsit, where the usual course of the plaintiff's dealings, who was a brewer, appeared to be, that his drayman should come every night to the clerk of the brewhouse, and give him an account of the beer delivered out by them, which he set down in a book kept for the purpose, and the drayman signed it. The drayman died: his entries, signed by him, were held to be good evidence, on proof of his hand-writing. If the person, who made the entry, was employed as shopman or clerk to deliver goods, &c., and he is since dead, an entry made by him will be evidence, under certain restrictions. Cooper v. Marsden, 1 Esp. 2, 3. The entries in a book are rejected, on the ground that they are mere hearsay, and can only be made evidence by some extrinsic circumstance. Some of the English authorities considered the evidence admissible, in Lord Torrington's Case, on the ground that the entry was made against the interest of the party making it. However this may have been viewed in certain cases, it is not the light in which the principle of that case has been generally considered. The rules of evidence were formed and modified to meet the exigencies of human transactions, and to conduct the mind to truth; that they should be matured and expanded, so as to meet the complicated and growing relations of society, was to be desired and expected. But these rules are not to be lightly departed from. Where they fail to meet the endless variety of facts in cases which arise, they afford principles susceptible of expansion, so as to apply to the leading facts in every controversy.

Mere entries in a book of accounts are not evidence, whether made by the party himself or his clerk. But where entries were made by a party against himself, they were held to be evidence, in case of his death. This was upon the ground, that he could have had no motive to make a false entry. And this principle was eventually applied to a clerk, where his entries were regularly made, and the books, upon their face, were fair. In the case of Nicholls v. Webb, 8 Wheat. [21 U. S.] 337, the court say: "We think it a safe principle, that memorandums made by a person in the ordinary course of his business, of acts or matters which his duty in such business requires him to do for others, in case of his death, are admissible evidence of the acts and matters so done. It is, of course, liable to be impugned by other evidence, and to be encountered by any presumptions or facts which diminish its credibility or certainty." And it is now fully settled, that the entries of his deceased clerk, in the books of a merchant, are evidence in his behalf, the hand-writing being proved. Clarke v. Magruder. 2 Har. & J. 77; Welsh v. Barrett, 15 Mass. 386; Brown v. Brown, 2 Wash. (Va.) 151; Union Bank v. Knapp. 8 Pick. 96; Patton's Adm'rs v. Craig's Adm'rs, 7 Serg. & R. 126; Hood v. Reeve, 3 Car. & P 532; Halliday v. Martinet, 20 Johns. 168: Wilbur v. Selden, 6 Cow. 162.

Had the books of the plaintiff been before the court, the entries in the hand-writing of the deceased clerk would have been evidence, his hand-writing being proved. But the paper, attached to the deposition, contained a copy from the books. So far as the deponent could swear to the items delivered, this copy was a part of the deposition; but it was no evidence of the articles charged, of which the deponent had no knowledge. This paper, in regard to these articles, was incompetent evidence, on two grounds: First, it was a mere copy from the books; and, in the second place, some of the entries are in gross, not specifying the items. A new trial must, therefore, be granted. As the books of the plaintiff are at New Orleans, some inconvenience may arise from this decision. If his books are so connected that he can not, without injury, bring them to this court, it might, perhaps, be deemed proper by the court to appoint a commissioner to examine the books, and take testimony respecting them. This, however, is a mere suggestion, and not a settled rule of practice.