JAMES W. RICHARDSON *vs.* BRUNER R. ANDERSON, TRUSTEE.

*Set-Off—What Claims May Be Set Off Against Debt Sued for by Trustee in Assignment for Benefit of Creditors—Evidence—Admissions—Waiver—Instructions—Set-Off Not Specially Pleaded.*

A person indebted to one who makes an assignment for the benefit of creditors cannot set off against his debt when sued by the trustee under the assignment claims against the assignor purchased by him after the execution of the assignment.

The trustee under an assignment for the benefit of creditors takes the property and rights of the assignor subject only to the equities which exist against the same at the time of the assignment. Consequently, when the assignment includes a claim against A. then due, A. cannot set off against that claim a debt of the assignor to him which did not become due until after the assignment.

A person who endorsed a promissory note for the accommodation of a party afterwards making an assignment for the benefit of creditors and who is called upon to pay the note after the institution of suit against him by the trustee under the assignment to recover a debt due by him to the assignor when the assignment was made is not entitled to set off against his debt the payment so made by him as accommodation endorser.

. Although a statement from account books not proved to have been duly made is not competent evidence, yet, when a party has admitted the correctness of such statement, it is competent evidence as an admission against interest.

The mere fact that one has not enforced payment of a claim made by him for services rendered is not evidence that he had waived or abandoned the claim.

Defendant had been the manager of a corporation which made an assignment for the benefit of its creditors to the plaintiff. Defendant was indebted to the corporation on certain transactions, but claimed that he had rendered extra services to it upon the promise of the directors to pay for the same, which they had failed to do. *Held*, that a prayer offered by the plaintiff in an action to recover the amount of the defendant's indebtedness to the corporation should state what facts should be found in order to create the indebtedness.

*Held*, further, that a prayer offered by the defendant setting forth the rendition of services by him to the corporation and its agreement to pay therefor a reasonable compensation in addition to his salary, and declaring that if such fact be found by the jury, then the defendant is entitled to such sum as they may find to be a reasonable compensation, should not be modified by adding thereto, "unless the jury find that the defendant before the institution of the suit, waived or abandoned all claim for such compensation"—since there is no evidence in the case of a waiver.

While a set-off must be specially pleaded and evidence in support of it is not admissible unless so pleaded, yet, when such evidence has been produced without objection, and the prayers do not confine the right to recover to the pleadings and evidence, the jury may find the existence of a set-off in favor of the defendant.

*Decided January 21st, 1909.*

Appeal from the Baltimore City Court (NILES, J.)

The cause was argued before BOYD, C. J., PEARCE, SCHMUCKER, BURKE, THOMAS and WORTHINGTON, JJ.

*Thomas Mackenzie* and *H. Findlay French,* for the appellant.

*W. Harry Holmes,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

The appeal in this case brings up for review the rulings of the Court below in sustaining plaintiff's, appellee's, demurrer to defendant's, appellant's, third, fourth and fifth pleas, in admitting the evidence in the first and second bills of exception, and the action of the Court on the prayers, and defendant's special exception to the modification of his prayer.

The Maryland Grain Agency of Baltimore City, a corporation, on the 27th of February, 1908, made a deed of trust for the benefit of creditors to the appellee. At the time of the assignment the appellant was the manager of said agency, and the appellee shortly after the assignment employed him to make out a statement of the assets of the agency from its books. After the statement was made out, he and the appellant went over it together, "and verified it with the books" of the agency. This statement showed that the appellant was indebted to the agency for the balance due on account between them to the amount of $1,781.41, which the appellant, according to the testimony of the appellee, said was correct, with the exception of two items, one of $72.44 and the other of $138.00, which the appellee deducted, leaving a balance of $1,541.71, and upon failure of the appellant to pay this balance the appellee, on the 9th of April, 1908, brought suit to recover it.

The defendant in his testimony states that while he was employed as bookkeeper for the agency, in 1895, at a salary of $100.00 a month, he was employed by the agency to do extra work on its books, for which it agreed to pay him whatever such extra services were worth; that the agency never paid him; that the matter was brought up several times at the meetings of the directors, but each time it was postponed for future action and settlement; that such services were worth

$500.00; that he had never said anything to the appellee about his claim for such extra services until the morning of the trial.

Defendant's first and second pleas were, never indebted as alleged, and never promised as alleged. His third plea, for defense on equitable grounds, states that the deed under which plaintiff claims was a deed of trust for the benefit of the creditors of the said agency, dated the 27th day of February, 1908, and that defendant holds the promissory note of said agency, dated July 1st, 1907, and payable six months from date, in favor of one George H. Merryman, for $1,100.00, and by him indorsed to the defendant subsequent to the execution of said deed of trust, which he is entitled to have applied as an equitable set-off against the claim of the plaintiff. His fourth plea, for defense on equitable grounds, alleges that the deed under which plaintiff claims was a deed of trust for the benefit of creditors, and that the defendant, with George H. Merryman and Wm. Clement Brooke, indorsed a promissory note for $2,500.00, dated December 14, 1908, and payable four months after date, drawn by the said agency in favor of itself, which note was on said date discounted by the Third National Bank of Baltimore City for the use of said agency; that said note was not paid and was protested, and that the defendant and said Merryman were called upon to pay and did pay the same, and that the defendant paid one-half thereof, amounting to $1,253.19, and that by reason thereof he is entitled to have said amount applied as an equitable set-off against the plaintiff's claim. The fifth plea, for defense on equitable grounds, states the two claims set out in the third and fourth pleas, and says that by reason thereof there is no liability on his part to the plaintiff.

The claim referred to in the third plea is a promissory note acquired by the defendant after the execution of the deed of trust, and the one set out in the third plea is on a promissory note on which he was liable as accommodation indorser before the execution of the deed of trust, but which came

due after the date of the deed of trust, and was paid in part by him after the institution of the suit.

The first question, then, presented by the third plea is, can a debtor of an assignor for the benefit of creditors acquire, after the execution of the assignment, claims against the assignor, to be applied by him as a set-off to his debt due the trust estate? If this can be done, then a debtor by the purchase, for a very small consideration, depending upon the extent of the insolvency of the trust estate, of claims against the assignor, can acquire a preference in the distribution of the trust estate, to the full extent of his debt, thus taking from the creditors what they are entitled to, and preventing a *pro-rata* distribution among them. Such a result would be unjust and inequitable, and cannot be tolerated in either law or equity. *Burrill on Assignments* (5th Ed.), sec. 403; *Waterman on Set-Off* (2nd Ed.), sections 106, 123; *Am. & Eng. Ency. of P. & P.*, Vol. 2, p. 723-724; *Colton* v. *Drovers' Bldg. Assn.*, 90 Md. 85.

The proposition presented by the fourth plea is not so free of difficulty. The precise question here is, can a defendant who, at the time of the execution of a deed of trust for the benefit of creditors, was liable as an accommodation indorser of a promissory note of the assignor, not yet due, which he is called upon to pay in part after the assignment, and after suit brought by the assignee on a claim of the assignee due at the time of the assignment, set off the amount he so paid against the claim of the plaintiff?

The rule as stated by *Burrill on Assignments*, sec. 403 (5th Ed.), is "that an assignee for the benefit of creditors takes the property subject to all existing equities. The equities need not exist at the inception of the debt. It is sufficient if they exist prior to the assignment. A claim acquired after the assignment cannot be set off against the assignee; nor a liability, existing but not due at the time of the assignment, even if it becomes due before the suit was commenced." But in note 7, on page 642, it is said that "where the claim in favor of the estate of the assignor is not due at the time of

the assignment, but the claim against the estate is due, an equitable set-off in favor of the assignor's debtor will be allowed." Or, as stated in *Waterman on Set-Off*, sec. 131: "Where one claiming a set-off has a demand against the other presently payable,. and the other party is insolvent, the former may claim to have the set-off made, though the demand of his adversary against him has not become payable." So in the case of *Colton v. Drovers' Bldg. Assn.*, *supra*, where the association had, at the time of the appointment of receivers for the South Baltimore Bank, a deposit with the bank of $357.23, while the bank held its promissory note, not then due, for one thousand dollars, the Court, after a careful examination of the decisions in other States, held, in accordance with the great weight of authority, that the association was entitled to set off the amount of its deposits against the note of the bank. The reason assigned for this rule is that the right of the creditor of the insolvent to the set-off exists at the time of the assignment, and that the assignee of the insolvent takes the note in favor of his assignor, not yet due, subject to this right.

Where, on the other hand, the claim against the insolvent or assignor is not due at the time of the assignment, and the claim in favor of the insolvent or assignor is due, the right to a set-off does not exist at the time of the assignment, and the assignee takes the debt in favor of the assignor in trust for the benefit of the creditors, against whom a set-off cannot be subsequently acquired. In other words, in order that there may be a set-off in favor of the creditor of the assignor, it must exist at the time of the assignment by virtue of a claim then due.

In an extensive note to *Fera* v. *Wickham*, 17 L. R. A. 456, the author says: "While the decisions are not uniform in reference to either class; there is a decided weight of authortiy on one side in each case, and that weight is in favor of the set-off where the immature debt is owing to the insolvent and against it where it is owing by him." In the case of *Skiles* v. *Houston*, 110 Pa. 254, 2 Atl. Rep. 30, where, when plaintiff's in-

testate died, his debt to the defendant was due, and his claim
against the defendant was not yet due, the Court held that the
defendant was entitled to set off his claim, and said: "Had
the position of these parties been reversed so that Henderson's
(intestate's) debt to Houston (defendant) was not due and
payable at Henderson's death, but Houston's debt to Hender-
son was then due and payable, the application of the same
principle would have prevented Houston from setting off his
debt against Henderson in an action by Henderson's adminis-
trator, because, at Henderson's death, there was no right of
set-off, and the right of action passed to the administrator un-
affected by the right of set-off." In the case of *In Re Hatch,*
155 N. Y. 401, 50 N. E. Rep. 49, the Court of Appeals of
New York reviews at length the previous decisions in that
State dealing with the right of set-off where the claims of the
assignors or insolvents, or the claims of creditors of such in-
solvents, are not due, and holds that a creditor of the insol-
vent, whose claim is due at the time of the execution of an
assignment for the benefit of creditors, is entitled to set off his
claim against a debt from himself to the insolvent which had
not matured at the time of the assignment; but where the
claim of the creditor of an insolvent was not due at the time
of the assignment, it cannot be set off against the claim in
favor of the insolvent, due at the time of the assignment.
Both of these cases are cited and relied on by this Court in
*Colton* v. *Drovers' Bldg. Assn., supra.* See also 25 *Am. &
Eng. Ency. of Law* (2nd Ed.), 545-6, and cases cited in notes.

Most of the cases holding a contrary view are the decisions
to the effect that a bank has a right to apply to the payment
of a debt not yet due, held by it against an insolvent, money
on deposit in the bank belonging to the insolvent at the time
of his assignment for the benefit of creditors. The banks are
held to have a lien upon deposits in their hands, to secure
debts due them by their depositors, and may, as against an
attaching creditor, or the assignee of an insolvent owner of
such deposits, apply such deposits to the payment of any
claim they may have against such depositors, though its claim

may not be due at the time of such attachment or assignment. 2 *Am. & Eng. Ency, of Law* (1st Ed.), 97; *Miller* v. *Farmers' and Mechanics' Bank,* 30 Md. 392; *Farmers' and Merch. Bank* v. *Franklin Bank,* 31 Md. 404, and *Colton* v. *Drovers' Bldg. Assn., supra.* In some States, however, where the banks are held not to have any such lien upon the moneys of a depositor, they are denied the right in a suit by the assignee of an insolvent depositor to set off against the claim of the assignee the amount of any unmatured claim held by the bank against the depositor. *Chitman* v. *Ninth National Bank,* 120 Pa. St. 86, 13 Atl. Rep. 707.

In this case, at the time of the assignment, the claim of the defendant against the agency did not exist, and therefore the assignee took the claim against the defendant in favor of his assignor, free of any right to a set-off in favor of the defendant, whose claim against the assignor did not come into existence until after the assignment, and until he was required to pay assignor's note by virtue of his liability thereon as indorser. *Fidelity & Deposit Co.* v. *Haines,* 78 Md. 454.

But for the assignment, he could, of course, upon payment of the note on which he was liable as indorser any time before the trial of the case, have set off the amount so paid by him against his debt due to the agency. *Clarke* v. *Magruder,* 2 H. & J. 77; *Colton* v. *Drovers' Bldg. Assn., supra.* Before he paid the note, and thereby acquired a claim against the agency, however, the agency assigned its claim against him to the plaintiff, who took it for the benefit of the creditors of the agency, subject to only such equities as *then* existed.

Regardless of any question as to the sufficiency of the allegation of insolvency of the agency, to entitle the defendant to an equitable set-off on that ground, and without considering whether the facts set out in the fourth plea (assuming that they entitled the defendant to set off his claim), should have been pleaded as a defense on equitable grounds, we must hold, on the authorities cited, that the demurrer to the third, fourth and fifth pleas was properly sustained.

The evidence excepted to in the first exception was a state-

ment made by the defendant from the books of the agency,
including his account with the agency.  Without having laid
any foundation for the admission of the books themselves, a
statement made from the books, though shown to be correct
according to them, was not admissible.  *Clarke* v. *Magruder,
supra; Hoogewerff* v. *Flack,* 101 Md. 371.  But when taken
in connection with the evidence in the second bill of excep-
tion, to the effect that the defendant stated to plaintiff that the
statement was correct except as to two items contained there-
in, which the plaintiff had deducted from the claim against
him, the statement was admissible as an admission of the de-
fendant, *Gittings* v. *Winters,* 101 Md. 194, and the defend-
ant was not injured by the ruling in the first exception, while
the evidence, excepted to in the second exception, to show
when the statement was made, was properly admitted.

Plaintiff's first prayer is as follows: "If the Court, sitting
as a jury, shall find from the evidence that the defendant is
indebted to the plaintiff's assignor in any sum of money, then
the Court, sitting as a jury, shall assess the damages in such
a sum of money as the Court, sitting as a jury, shall find from
the evidence the defendant is actually indebted to the plain-
tiff's assignor, together with interest at the rate of six per
cent. per annum, from February 27th, 1908, interest to be in
the discretion of the jury."

And defendant's prayer is as follows: "The Court in-
structs itself, sitting as a jury, that if it finds from the evi-
dence that the defendant was employed in or about February,
1895, by the Maryland State Grange Agency of Baltimore
City to do special work on certain books and accounts, as tes-
tified to, and it was agreed at the time that he should be paid
for such work a reasonable and fair compensation, in addition
to his regular salary, if the Court so finds, and the defendant
performed all the work that it was agreed he should do, and
it was further agreed that the amount of the compensation
therefor should be submitted to the board of directors of the
said Maryland State Grange Agency of Baltimore City, to
be adjusted and agreed upon between the said agency and the

said defendant; and if the Court further finds that the matter was referred to the said board of directors, but that up to the 27th day of February, 1908, it had failed to consider and adjust the same, but has never disputed or denied its liability therefor, and that upon said date it made a deed of trust for the benefit of creditors to the plaintiff; then the Court instructs itself, sitting as a jury, that the defendant is entitled to a credit of such a sum of money as it may find a fair and reasonable compensation for the work done and performed by him, to be entered as a credit in the account current between him and the said agency." This prayer was granted by the Court after modifying it by adding thereto: "unless the Court, sitting as a jury, shall further find that the defendant before the institution of this suit waived or abandoned all claims for such compensation." The defendant specially excepted to this modification, on the ground that there was no evidence in the case that the defendant had ever waived or abandoned its claim for compensation for the extra work done by him, but the Court overruled the exception.

By plaintiff's prayer, the Court, sitting as a jury, was authorized to find that the defendant was indebted to the plaintiff, without being told what facts were necessary to be found in order to ascertain whether such indebtedness existed, and the prayer not only failed to instruct the Court, sitting as a jury, in regard to the law; but submitted to the Court, sitting as a jury, questions of law as well as questions of fact. Moreover, the evidence shows that the account against the plaintiff was made up of a number of charges against him and a number of credits in his favor, and the prayer, without any reference to the credits to which defendant was entitled, submitted to the Court, sitting as a jury, to find the amount to which the defendant was indebted to the plaintiff, with the instruction to assess the damages in such sum of money as it found from the evidence the defendant was so indebted. The Court, sitting as a jury, should have been instructed as to the law applicable to the facts of the case, leaving it to the Court, sitting as a jury, to find the facts necessary to entitle the plain-

tiff to recover, which this·prayer fails to do. *Thomas, Prayers and Instructions,* sec. 31; *B. & O. R. R. Co.* v. *Resley,* 7 Md. 297; *Roth* v. *Shupp,* 94 Md. 55; *Hobbs* v. *Batory,* 86 Md. 68.

There is no evidence in the record from which the Court, sitting as a jury, could have found that the defendant waived or abandoned his claim to compensation for the extra services rendered by him to the agency. The only evidence in the case bearing upon the question was the testimony of the defendant, that he rendered the extra services with the understanding with the agency that he would be paid for them, and that he had repeatedly demanded payment, but that, without any denial of his right to compensation, the agency had, from time to time, postponed the adjustment of the matter. The mere fact that he had not collected his claim for such services up to the time of the assignment, would not justify a finding that he had waived or abandoned the claim. 29 *Am. & Eng. Ency. of Law* (2nd Ed.), 1097, 1105.

While a set-off must be specially pleaded, and evidence in support of it is not admissible unless it is so pleaded (1 *Poe, P. & P.* (3rd Ed.), sec. 613; *Burch* v. *State,* 4 G. & J. 444; *Sangston* v. *Maitland,* 11 G. & J. 297; 19 *Ency. P. & P.* 738-742), when such evidence is produced without objection, and the right to recover is not confined by the prayers to the pleadings and evidence, the jury, or the Court, sitting as a jury, may find the set-off in favor of the defendant. And in considering a prayer granted which does not refer to the pleadings, and which is not affected by any other prayer referring to the pleadings, this Court cannot consider the pleadings, but must determine the correctness of the prayer with reference to the evidenc. *South Balto. Co.* v. *Muhlbach,* 69 Md. 395; *Home Friendly Society* v. *Roberson,* 100 Md. 88.

As the evidence in this case did not justify the addition to defendant's prayers, made by the Court, there was error in granting the prayer as modified, and in overruling defendant's special exception to such modification, and for such er-

ror, and the error in granting plaintiff's prayer, the judgment will be reversed, and the case remanded for a new trial.

> *Judgment reversed with costs, and case remanded for a new trial.*