## PUGH v CONKLIN

Ohio Appeals, 5th Dist, Delaware Co

Decided Dec 3, 1932

Harry W. Crist, Delaware, for plaintiff in error.

Wickham and Wickham, Delaware, for defendant in error.

SHERICK, J.

The question to be determined, therefore, is whether or not a claim of a guarantor, who has paid his principal's debt after insolvency has intervened and the appointment of a receiver, is in the position of one who has acquired a claim by assignment against his creditor which he cannot assert as

against its receiver or his assignee.

It must be kept in mind that this is not a case of a debtor who holds a bona fide claim against an insolvent creditor at the time of insolvency and receivership, unless it be that a future contingent and possible liability existing before insolvency upon which the debtor might become liable is such a bona fide existing demand.

The defendant recognizes the general rule that there is no right of set-off when the debtor has acquired his cross-demand by assignment after insolvency, but denies the rule applied by the trial court, that, where a surety or guarantor pays the debt of his principal after insolvency and receivership, such guarantor is in the position of one who acquires a claim or demand by assignment after the appointment of a receiver and hence cannot assert his acquired right by way of set-off. It is urged that the reason for this rule is unsound, that the authorities are in conflict, as disclosed by the note appearing in 40 A.L.R. 1096, and that the case of **E. Granger's Administrator v H. Granger, 6 Ohio, 35,** is ill-considered and has been questioned by the lower courts and is now inapplicable by reason of later statutory enactments which destroy it as a precedent and mandate upon this court.

Our attention is directed to four sections of the General Code, §§11320, 11321, 10887, and 11137 GC. We shall revert to §11321, GC, which only seems pertinent after we have drawn attention to §11319, GC. §11319 GC, provides, in part:

"A set-off is a cause of action existing in favor of a defendant against a plaintiff between whom a several judgment might be had in the action."

Sec 11321 GC provides:
"When cross-demands have existed between persons under such circumstances that if one had brought an action against the other a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by assignment by the other, or by his death. The two demands must be deemed compensated so far as they equal each other."

The plaintiff maintains that these two sections of the General Code employ the words "existing" and "existed"; and that these sections therefore contemplate a contemporaneous existence of the two demands. He points to the fact that Pugh had no ascertainable demand until long after the appointment of the receiver. And this we believe to be so. Pugh's future liability was problematical. It might never have occurred. He might not have paid the principal's debt. It was never in such form, at least, as would have permitted its assertion as a defense against his company's suit on its account against him. We therefore are of the opinion that the statutes do not change the law as announced in the Granger case, supra, wherein it is held at page 42:

"No cause of action or demand existed against the intestate, at his death. A liability only was incurred, upon which, on the contingency of the security being compelled to pay for the intestate, he would have a right of action for his indemnity. A bare possibility, that in a certain future contingent event, he would have a demand, is not a debt due from the intestate, and such claim has not the mutuality required for a set-off. Such a demand, though good against the estate, can only look to the general assets for satisfaction."

It is said in **Hade, Receiver v McVay, 31 Oh St, 231, at page 238,** approved in **Niles, Assignee v Olszak, 87 Oh St 229, at page 240, 100 NE 820, 824, L.R.A. 1918E, 238,** Ann. Cas. 1913 E, 1020, that "The receiver holds to the bank and its creditors the relation, substantially, of a statutory assignee. A right of set-off, perfect and available against the bank at the time of his appointment as receiver, is not affected by the bank's insolvency."

To our notion these cases support the view, at least inferentially, that the cross-demands must have a contemporaneous existence. Mr. Justice Holmes, in U. S. Fidelity & Guaranty Co. v Woolridge, Recr., 268 U. S. 234, 45 S. Ct. 489, 69 L. Ed. 932, 40 A.L.R. 1094, pronounces the same reason for the rule and says if such was permitted the effect would be to prefer such a claimant as a creditor. See, also U. S. Fidelity & Guaranty Co. v Maxwell, 152 Ark. 64, 237 SW 708; Lion Bonding & Surety Co. v Austin, Comm'r of Ins. (Tex. Civ. App.) 208 SW 542; Richardson v Anderson, Trustee, 109 Md. 641, 72 A. 485, 25 L.R.A. (N.S.) 393, 130 Am. St. Rep. 543; Huse, Assignee v Ames, 104 Mo. 91, 15 SW 965.

We recognize that there is a conflict in authorities; but we are of one mind, in that the rule applicable is sound in principle and reason, and that the Granger Case, supra, is not abrogated by later statutory enactment, but rather, in the instant situation, is reinforced by these same sections.

We further hold the view that the defendant in proving his claim as a general creditor and receiving dividends thereon is unconscionable in his present position. He would be both a general and preferred creditor. If he is preferred, he injures the general creditors with whom he voluntarily aligned himself. His reply that the general fund would sustain but a small loss when prorated among the general creditors is no answer; but is in fact an admission of his unwillingness to do equity. His present insistence controverts the well-known maxim and must cause his plea to fall upon deaf ears, for we are cognizant that the doctrine of set-off, whether legal or equitable, is essentially a doctrine of equity. The judgment is therefore affirmed.

GARVER, PJ, and LEMERT, J, concur.