Parker, J.
As to the first error assigned in this cause, it seems to be rather a question of fact than of law. This mode *208 [ * 221 ] * of proof is peculiar to our country, and probably has been in practice from its first settlement. The jury are the proper and adequate judges of the weight of this, as of all other evidence laid before them, and I think the court below did right in referring it to them. As to the second error assigned, it appears that here were mutual accounts, and one or more items on each side within six years, which took the whole accounts out of the statute.
Sewall, J.
In actions of assumpsit for goods sold and delivered, evidence by a shop book, or other daily memoranda, with the supplementary oath of the party himself, if living, is a mode of proof admitted with us generally, and is made necessary by the course of business in transactions of that nature. Books offered as evidence may be rejected by the Court as incompetent, or, when admitted, may be treated as unworthy of credit. I recollect but two sorts of objections which have been allowed against books, as rendering them incompetent evidence. To be admitted in evidence, they must appear to contain the first entries or charges by the party, made at or near the time of the transaction to be proved ; and when the contrary is discoverable upon the face of the book, or comes out upon the examination of the party, they ought to be rejected, as incompetent evidence. Fraudulent appearances or circumstances, such as material and gross alterations, false additions, &c., are also objections to the competency of the book in which they are discoverable, or against which they may be proved in any manner.
Objections to the credit of books admitted in evidence are of various kinds, which there is no occasion to enumerate. The method in which the book has been kept — as when the charges to be proved have been entered to a particular account, like the entries of a leger, and not like those of a day book — is an objection to the credit of the book. The one method leaves a greater opening to fraud and falsehood than the other. The book excepted to in this case was liable to objections of the latter kind, applicable to the credit of the entries to be proved by it, but not to the competency of the book itself. It was therefore properly [ * 222 ] * admitted in evidence to the jury, and might, with the supplementary oath of the party, be satisfactory proof to them, notwithstanding the objections to which these entries appeal to be liable.
The other exception has, I think, been satisfactorily answered by the authority (4) which has been read. It was not perhaps correct to consider the accounts disputed between these parties as excepted *209 from the statute of limitations in the name of mutual accounts between merchant and merchant, (a) But the direction of the court upon this part of the case was, in effect, substantially just. It was proper the jury should take both accounts into consideration, there being on each side charges within the six years. This circumstance was evidence of a renewed promise applicable to the whole account. There being evidence of subsisting accounts between the parties, every new additional charge by one party revives the account of the other party, and is evidence from which the law implies a promise of adjustment, and for the payment of the balance as it shall appear; and this evidence was suitably referred to the jury. I see no error in the record before us, and the judgment ought to be affirmed.
Sedgwick, J.
It is to be lamented that it is necessary, in this country, to resort to evidence of this kind, as it opens a door, and furnishes a temptation, to much mischief. Where a book is offered in evidence, it ought to appear suited to aid the oath of the party, which it is brought to fortify and confirm. The Court are to judge of its competency to be admitted in evidence, and the jury are to decide on the credit which may be due to it. When this book was exhibited to the court below, they considered it as suitable to go to the jury, and they so adjudged. To suffer our inquiries to go behind that decision would be throwing things into too loose a state. I think, the evidence was properly left to the jury.
The true ground of admitting the books of the party in evidence, as a foundation for the suppletory evidence of the * oath of the party, I have always understood to be, [ * 223 ] that the judge or court, before whom the case is tried, should, on inspection, determine that the book was proper for that purpose, and that such determination renders it competent evidence
With regard to the second error assigned, the question was, whether these demands were barred by the statute of limitations. If any of the articles charged in an account were sold and delivered within six years preceding the commencement of the suit, they will draw after them the articles beyond six years, so as to exempt them from the operation of the statute.
Although the Court of Common Pleas were mistaken in the reason of their direction as to this point, yet the direction was substantially right. (b)

Judgment affirmed.

 6 Term Rep. 189.

 Vide Sping vs. Gray, 5 Mason, 505.

 Faxon vs. Hollis, 13 Mass. Rep. 427.— Charlton vs. Lawny, Martin, R. 26. — Mitchell vs. Clarke, Martin, 25.— Thomegeux vs. Bell, Martin, 24 — Kennedy vs *210 Fairman, 1 Hayw. 458.—Kitchen vs. Tyson, 2 Murph. 314. — Lynch vs. M'Hugo, 1 Bay. 33. — Foster vs. Sinkler, 1 Bay. 40.— Tunno vs. Rogers, 1 Bay. 480. — Lynch vs. Petrie, 1 Nott & M'Cord, 138. — Pritchard vs. M'Owen, 1 N. & M. 131. — De Forest vs. Bacon, 2 Conn. R. 633. — M'Kewn vs. Barkdale, 2 N. & M. 17. — Thomas vs. Dyott, 1 N. & M. 186. — Beach vs. Mills, 5 Conn. R. 443. — Stocking vs. Sage, 1 Conn. R. 75. — Richards vs. Howard, 2 N. & M. 474 — Deas vs. Darby, 1 N. & M 436. — Slade vs. Teasdale, 2 Bay. 172. — Lamb vs. Host, Ibid. 362. — Watson vs. Bigelow, 2 Bay. 173. — Geter vs. Martin, 2 Bay. 173. — Frazier vs. Drayton, 2 N. & M. 471. — M’Bride vs. Watts, 1 M'Cord, 384.— Gordon vs. Arnold, 1 M'Cord, 517.— Stores vs. Stores, 1 Root, 139.— Spence vs. Saunders, 1 Bay. 119. — Peck vs. Jones, Kirb. 289. — 1 Root, 220. — 2 Root, 130. — Easby vs. Eakin, Coke, 388. — Fosburgh vs. Thayer, 12 Johns. 461. — Tenbroke vs. Johnson, 1 Cox, 288. — Wilson vs. Wilson, 1 Hals 95.— Swing vs. Sparks, 2 Hals. 59. — Hagaman vs. Case, 1 South. 370.— Prest vs. Merceredu, 4 Hals. 268. — Jones vs. Brick & Al. 3 Hals. 269. — Cole vs. Anderson, 3 Hals. 65. — Elder vs. Warfield, 7 H. & J. 391. — King vs. Madux, Exr. 7 H. & J 467. — Clarke vs. Magruder & Al. 2 H. & J. 77.