## Case No. 7,253a.

JEFFREY v. SCHLASINGER et al.

[Hempst. 12.] [1]

Superior Court, Territory of Arkansas. April, 1822.

OPINION OF THE COURT. This is a case brought here by [Jesse Jeffrey, on] appeal, and the following errors are assigned: 1. "The appellees [Schlasinger and Gillett] offered in evidence their original book of entries, having previously proved they were regular merchants and kept a correct book of entries as such. and that the book was in their handwriting. and the court permitted the book to be read in evidence to the jury." We cannot but look upon a proceeding of this character as fraught with the most dangerous consequences, and as tending to encourage fraud and imposition, in the highest degree. 3 Bl. Comm. 368; Owens v. Adams [Case No. 10,633]. It is also unprecedented except in states where allowed by statute, and is then generally limited to small amounts. We are of opinion that it was error to admit such testimony.[2] 2. "The court

[1] [Reported by Samuel H. Hempstead, Esq.]

[2] By the common law of England, shop books are not allowed of themselves to be given in evidence for the owner. But a clerk or servant who made the original entries may have recourse to them to refresh his memory, as to other written memoranda made at the time of the transaction. If the clerk or servant who made the entries be dead, the books may be admitted in evidence to show delivery of the articles on

erred in not permitting the defendant under his plea of non-assumpsit to give evidence of payment." We think the court did err in excluding this testimony, as payment may be given in evidence under the general issue without notice, as decided by this court, in the case of John Smith, T. v. Edmund Hogan, and as the authorities clearly establish. 1 Salk. 394; 6 Com. Dig. "Pleader," E 14; 1 Ld. Raym. 217, 566; 1 Chit. Pl. 511; 12 Mod. 376. Reversed.

producing proof of his handwriting. Bull. N. P. 282; 1 Salk. 285; 2 Ld. Raym. 873; 2 Salk. 690. But if the clerk be living, though beyond the jurisdiction of the court, the entries are inadmissible. 1 Esp. 1. Where there are regular dealings between the plaintiff and defendant, and it is proved that the plaintiff keeps fair and honest books of account, and keeps no clerk, his books of account, under the circumstances and from the necessity of the case, are admissible as evidence. Vosburg v. Thayer, 12 Johns. 462; Case v. Potter, 8 Johns. 163. In other states, the suppletory oath of the plaintiff must be added. Poultney v. Ross, 1 Dall. [1 U. S.] 238; Sterrett v. Bull, 1 Bin. 234; Cogswell v. Dolliver, 2 Mass. 217; Prime v. Smith, 4 Mass. 455. In Arkansas, "the regular and fairly kept books of original entries of a deceased merchant, or regular trader, or any person keeping running accounts for goods, wares, merchandise, or other property sold or labor done, accompanied by the affidavit of the executor or administrator of such deceased person, or some creditable person for him, setting forth that they are the books, or accounts of his testator or intestate, shall be evidence to charge the defendant for the sum therein specified, subject to be repelled by other competent testimony." Mansf. Dig. § 7, p. 499. But this is subject to this qualification, that "to entitle the party to introduce such evidence, he must first establish to the satisfaction of the court, that his testator or intestate had the reputation of keeping correct books." Id. § 8, p. 491.

