DAVIS, *plf. in error, vs.* SMITH.

In mutual dealings between party and party, if there be items on both sides within six years, the statute of limitations does not attach to those of an earlier date.

And if there be an item in the defendant's account within six years, this will take the account of the plaintiff out of the statute, though the latter contain no item within that period.

THIS was a writ of error brought to reverse a judgment of the Court of Common Pleas, in which the plaintiff in error was defendant. From the bill of exceptions it appeared that the action was *assumpsit* for goods sold, of which a bill of particulars was annexed to the writ; to which the defendant pleaded the general issue and the statute of limitations; having also filed his own account in offset. Four items of the plaintiff's account were of more than six years' standing at the commencement of the action; the other three, and also the two charges which composed the defendant's account in offset, were within that period;—and the question was,—whether the latter charges prevented the statute from attaching upon those of more than six years' standing.

*Smith J.* at the trial in the court below, left it to the jury to find whether there were mutual unsettled accounts between the parties, within six years; instructing them that if there were, they might presume a new promise, so as to prevent the operation of the statute. To which the defendant excepted; the jury having found for the plaintiff.

*R. Williams,* for the plaintiff in error, contended that the salutary barrier interposed by the statute ought not to be done away by construction. Some older decisions had gone almost to the length of repealing the statute; but these have been overruled by the better reason of later times, and the statute restored, in a good degree, to the operation originally intended

And he insisted that the accounts of both parties must extend back more than six years, to prevent the statute from attaching to the earlier items.

*W. W. Fuller,* for the defendant in error, replied that the statute, being in derogation of the common law, ought to receive a strict construction. *Co. Lit.* 115 a. It does not presume a payment of the debt ; but only a waiver of the remedy. And hence it is no bar to the petition of a creditor, for a commission of bankruptcy ; nor, in chancery, does it operate upon any debt of a testator, who has directed by will that his debts, generally, should be paid. 5 *Burr.* 2628. 2 *Saund.* 62, *note.* Among the acts of the parties, by which the benefit of the statute may be understood as waived, the keeping open of mutual accounts is of a character not to be mistaken. It imports a promise, to adjust them according as the balance shall appear. And thus the spirit of the exception of merchants' accounts, in the statute, is applicable to all classes of dealers. *Ballantine on lim.* 77 & seq. *Catling v. Skoulding & al.* 6. *D. & E.* 189. *Cranch v. Kirkman* Peake's Ca. 121. *Trueman v. Fenton Cowp.* 548. *Bryan v. Horseman* 4. *East.* 599. *Bull N. P.* 149. *Wilford v. Liddel* 2 *Ves.* 400. *Cogswell v. Dolliver* 2 *Mass.* 217.

The question whether the mutual dealings extended beyond six years, does not seem to have been raised in any of the cases reported ; in some of which it is manifest that they did not. And to hold it necessary that they should, would open a door to extensive fraud, by inducing one party to suppress that part of his demand which was of more than six years' standing, to amount of his adversary's claim.

But whether here was a new promise, or not, was purely a question of fact ; and it was therefore properly submitted to the jury. 4 *East,* 599, *note.* 3 *Campb.* 31, *note.* 2 *D. & E.* 760. 2 *Barnw. & Ald.* 763. 2 *Sellon's Pr.* 343. 15 *Johns.* 3, 4, 520. 11 *Johns.* 140. 11 *Mass.* 452.

The opinion of the Court was read at the ensuing *November* term in *Cumberland,* as drawn up by

Davis v. Smith.

WESTON J. The construction of the exception in the statute of limitations, of such accounts, as concern the trade of merchandize between merchant and merchant, their factors or servants, together with the bearing and effect of mutual accounts upon the statute, is illustrated by serjeant *Williams*, with his usual intelligence, in his notes to *Saunders*, cited in the argument ; where are collected the cases, both ancient and modern, in which this subject has been considered. A copious reference to authorities upon this point, with an abstract of the leading cases, is also to be found in 5 *Dane's Abridgment*, 394, 396. In the excepted cases, the plaintiff is not barred, although there has been no transaction of any kind between the parties within six years ; but the plaintiff must, in his replication, bring his case within the exception. Where mutual accounts are relied upon, to repel the operation of the statute, it is upon the principle of a new promise ; of which the acknowledgement of an unsettled account, implied from new items of credit within six years, is evidence. The relaxation of the express provisions of the statute of limitations, it has been said by eminent judges, has been carried far enough ; and may possibly, in some instances, have defeated the intention of the original law ; but we must now administer it, as qualified by judicial construction.

If the items are all on one side, the last item, which happens to be within six years, does not draw after it those of longer standing. *Buller's N. P.* 149, 150. *Cranch v. Kirkman*, cited in the argument. But in *Catling v. Skoulding*, 6 *D. & E.* 189, which is a leading case on the subject of mutual accounts, and does not appear any where to have been overruled or controverted, it was decided that where there were mutual accounts, every new item and credit, given by one party to the other, was an admission of there being some unsettled account between them. This case is cited with approbation in *Cogswell v. Dollirer*, 2 *Mass.* 217, and it is there stated, that every new additional charge by one party, revives the account of the other party, and is evidence, from which the law implies a promise of adjustment, and for the payment of the balance, as it shall appear ; and it was held, in both these cases, that this is proper evidence to be

submitted to the jury. In the former, Lord *Kenyon* says that " daily experience teaches us that if this rule be now overturned, it will lead to infinite injustice." The principle is supported by great weight of authority ; and certainly not without reason. A party has an account, the payment of which has been for some time delayed. His debtor subsequently, but before the statute has attached, performs for him services, sells and delivers him merchandize, or pays him, at various periods, sums of money, which he knows are made items of charge against him. He expects, and has a right to expect, that these accounts will be offset, and that the balance only will be paid, by the party against whom it may be found. This is a state of things of very common occurrence ; and where such mutual accounts are supposed to be nearly equal, they often remain a long time unadjusted. It will be at once seen, that if the party, whose account is more recent, and within six years, is permitted to recover it at law, and to defeat the *opposing account by the statute of limitations*, great injustice will be done, and the true intent and meaning of the statute grossly perverted.

In the cases last cited, there were items in the accounts upon both sides, within the six years. Whether, if in these cases there had been no charge within that time in the plaintiff's account, an item within six years in the defendant's account would have taken the plaintiff's case out of the statute, is not expressly decided ; although, from the general principle laid down, such would have been its effect.

Upon a view of the authorities, it does not appear to us that there was any error in the opinion and direction of the judge, in the case before us. It is manifest, from inspection, that there was a mutuality of accounts, and that there were charges upon both sides, within the period of six years. The jury were instructed that, if they were satisfied that any articles were furnished and charges made, as specified in their mutual accounts, within six years prior to the commencement of the action, the plaintiff's account was not barred by the statute of limitations. And such appears to us to be the law, as it is understood, both in England and in this country.

*Judgment affirmed, with costs for defendant in error.*