# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTIES OF BRISTOL, PLYMOUTH, BARNSTABLE AND DUKES COUNTY, OCTOBER TERM 1841, AT PLYMOUTH.

*PRESENT:*

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE, } Justices.
Hon. CHARLES A. DEWEY,

---

## Bethuel Penniman & another *vs.* William R. Rotch.

The provision in the Rev. Sts. c. 120, § 5, that in actions " to recover the balance due upon a mutual and open account current, the cause of action shall be deemed to have accrued at the time of the last item proved in such account," does not apply exclusively to such actions as are brought on accounts in which debits and credits are stated, and a balance struck, but extends also to cases in which the plaintiff seeks to recover the balance due to him, though he declares only on the debit side of the account: And in the latter case, if the defendant does not file an account in offset, nor prove items on his side of the account, by way of payment, but relies on the statute of limitations, the plaintiff may avoid the statute, by showing that there was a mutual and open account current, and proving an item on either side, within six years.

The plaintiff cannot prove, by his book and suppletory oath, an item on the credit side of his account, for the purpose of preventing the operation of the statute of limitations on his charges against the defendant.

Where the plaintiff opened an account with the defendant in 1830, and continued to make charges till 1833, and brought an action on his account in 1838, and proved on the trial that the defendant delivered to him an article on account, in 1830, it was *held,* that there was a mutual and open account current, and that no part of the plaintiff's charges was barred by the statute of limitations — Rev. Sts. c. 120.

Assumpsit for provisions sold and delivered. The action was commenced on the 28th of August 1838. A bill of particulars was annexed to the writ, from which it appeared that

the plaintiff's account against the defendant consisted of charges, beginning in 1830, and ending in 1833. The defendant relied on the statute of limitations as a bar to all the items of charge previous to August 28th 1832. The case was referred to an auditor, and the parties agreed that his report should be taken as a statement of the facts.

The auditor disallowed several items in the plaintiffs' account, for want of proof, and reported that if the statute of limitations ought to be applied, as the defendant insisted that it should be, the plaintiffs were entitled to recover $81·08 ; but if the statute was not a bar to any part of the charges, then the plaintiffs were entitled to recover $338·98.

The testimony and facts reported by the auditor, which affected the question as to the statute of limitations, were these : A witness testified that he called on the defendant, in 1834 — he believed between January and March 20th — to settle the plaintiffs' account, and presented the bill to him. The defendant said, " there is an unsettled account between me and Penniman." The witness called on the defendant once or twice afterwards, and the defendant gave as a reason for not settling the account, that there was an unsettled bill between him and Penniman. The witness told the defendant, that he " wished they would get together, and have their bill settled." The defendant replied, " we will."

The plaintiffs had entered, on their bill against the defendant, two items of credit, viz. " June 22d 1830 : A calf, $4·20. April 26th 1831 : Cash, $17·60, beef of A. Bailey." It was in evidence that the plaintiffs had the calf of the defendant, and that they, on the 22d of February 1831, bought an ox of A. Bailey and slaughtered it, and sold to the defendant 176 pounds of it, in choice pieces, for which the defendant paid $17·60, on said 26th of April.

This case was argued at the last October term.

*Coffin*, for the plaintiffs.

*E. Bassett*, for the defendant.

SHAW, C. J. The only question in this case is, whether those charges in the plaintiffs' account, which were made more

than six years before the commencement of the suit, are barred by the statute of limitations. As that statute affects the remedy, and not the right, the case must be governed by the law in force at the time when the action was brought. As this was in August 1838, long after the revised statutes went into operation, they must govern this case.

In the first place, it was contended that the action was taken o t of the operation of the statute, by an acknowledgment, made in 1834. Unless made prior to October 1st 1834, whatever might have been the terms of the acknowledgment, not being in writing, it must be unavailing. Rev. Sts. *c.* 120, § 25. If it depended solely upon that question, it would be necessary to ascertain, more exactly, at what time in 1834 the acknowledgment was made. But we are satisfied that the acknowledgment itself was insufficient. It must be a clear, unequivocal and express acknowledgment of present indebtedness. *Bangs* v. *Hall,* 2 Pick. 368. The defendant made no such acknowledgment. On being presented with the account, he said, " there is an unsettled account between me and Penniman." This was repeated once or twice. On the witness expressing a wish that they would settle their accounts, he said, " we will." The fact to be proved is a new promise to pay the debt. This may be inferred from an express and unqualified admission that the debt is due, but not from remote implication, or doubtful or equivocal words. The answers of the defendant, on application for payment, did not amount to an admission of any debt due to the plaintiffs. For, though this was a partnership account, and the answer of the defendant was, that there was an unsettled account between him and one of the partners ; yet he might have relied on an actual or supposed understanding with the partners, that the accounts should be so balanced ; and the answers indicate that the defendant understood that they were to be so settled. This acknowledgment, therefore, if made before October 1st 1834, would not avoid the operation of the statute.

We are then brought to the other question ; whether this was a mutual and open account, not affected by the six years' limitation. The questions growing out of this exception to the statute

of limitations have been various, and variously decided, and have long remained vexed and unsettled. But without discussing the distinctions, under former statutes, between open and running, as contradistinguished from settled and stated accounts, or the constructions put upon the old exception of merchant's accounts, it may be more expedient to consider the terms of the present statute, and ascertain the true and just construction to be put upon it.

" In all actions of debt or assumpsit, brought to recover the balance due upon a mutual and open account current, the cause of action shall be deemed to have accrued at the time of the last item proved in such account." Rev. Sts. *c.* 120, § 5. This is now the only exception from the statute, either for merchants' accounts, or for mutual and open accounts, and therefore supersedes the former express exception of accounts between merchant and merchant, and the implied and constructive exception arising from the tacit admission, supposed to be made on each new item advanced on account, that there was such an open and existing account between the parties, which therefore drew after it all the items of such unsettled and open account.

It was contended at the argument, upon the words of the present statute, and the argument is entitled to consideration, that this exception can only apply where the action is in form brought for the balance of an account ; that is, where both debits and credits are stated, and a balance is struck   But we think this would be too narrow and literal a view of the statute.   An action may be brought to recover the balance of an account — that is, with the distinct purpose of obtaining the balance of an account — when the plaintiff may have no means of stating both sides of the account.   He may make an exact statement of all his own charges, without having the means of giving the credits.   He may therefore bring an action, declaring on the debit side of his own account only, when his only object is to obtain a balance ; leaving the other party to file an account in offset, or prove the items of his side of the account, in payment, if he can do so. But supposing the defendant does neither, he can only avail himself of the statute of limitations, by pleading it, or, according to

our present practice, by giving special notice of his intention to rely on it; and then, we think, the plaintiff may avoid it, and bring himself within this exception, by proving affirmatively, as he would any other fact, which is material to his case, and is traversed, that there was such a mutual and open account current, and items of debit and credit on both sides; and then, by proving items, on either side, within six years, this exception would apply, and show that the cause of action accrued, by the terms of the statute, within six years before the action brought.

By the statute, it is clear, that if the plaintiff's own charges, or any of them, are within six years, it would avoid the limitation; and we do not perceive why it would not have the same effect, if the plaintiff should prove an advance to him by the defendant, within six years; because it would be an item in the mutual account, and thus show that the cause of action accrued within six years. The case we are supposing is, that the plaintiff brings his action on an account, in which all his debits against the defendant are over six years; but he credits one or more items within six years, and can prove affirmatively, by competent evidence, that an advance on account was made to him by the defendant, within six years. Or, supposing that, for the reasons before stated, the plaintiff brings his action on his own side of the account only, expecting that the defendant will file his account in offset, or give evidence of payments, which would show an item within six years, but he fails to do so. The argument we are considering supposes that if it is proved that there was an open account current between the parties, and that there is any item proved on the *debit* side of the plaintiff's account, it would bring the case within the exception. But the statute does not say, any item in the *debit* side of the account, but the last item in *such* account; which is the open and *mutual* account. An item on the credit side is equally an item in such an account, as an item on the debit side. One way to test the correctness of this view is, to consider how the law would stand, if the parties were reversed.

We must bear in mind, that by the existing provisions of law,

where there are mutual dealings and an account current, either party may bring his action, declaring in form for a balance, or declaring only on his own side of the account ; and in either case, the defendant may file his account in offset. In such case, the defendant stands before the court in the same relation as if he were the plaintiff; both parties are actors ; each may assert and prove his own claims ; and the verdict and judgment will be for the balance, as well when it is found for the defendant as when for the plaintiff. Unless the construction of the statute, which we adopt, is the correct one, the action would not be barred, if brought by the party who has an item of charge within six years ; whereas, it would be barred, if brought by the party who has no charge within six years, although he has been receiving payments and advances on account, of money or goods, to a recent period before the action brought. This would be making the application of the statute to such mutual dealing depend upon the formal position of the parties in the suit, and not on their relative rights, as established by the facts respecting their mode of dealing and the law applicable to those facts. On  the contrary, it appears to us to be the true construction of the statute, arising as well from the natural interpretation of the language, as from the obvious intention of the legislature, that where there are, in point of fact, mutual dealings between parties, upon which of course there is a mutual account current, on which each party has a right of action, such cause of action shall be deemed to have accrued at the time of the last item proved in such account, whether such item be on one or the other side of such mutual account. The result practically would be, that either party to such account might safely wait and forbear bringing his action, so long as six years have not elapsed, since the last payment, or other dealing on the account ; knowing that whether the other party brings his action against him, or he is ultimately compelled to bring his action against the other party, the rule of law is the same, and the action will not be barred.

In the case of *Cogswell* v. *Dolliver*, 2 Mass. 217, the plaintiff brought his action upon the debit side of his account, and the defendant filed an account in offset ; and the court dealt

with it as a case of mutual account, as much as if the plaintiff had stated debit and credit, and declared for a balance.

If this is a true exposition of the statute, it is manifest, that upon the question whether there was a mutual and open account between the parties, if the defendant has neither filed an account in offset, nor given items of account in evidence, as payment, but still relies upon the statute of limitations, the plaintiff, to avoid the defendant's bar, must prove some item of credit, by competent evidence. It would not be sufficient to give credit on the account, or even show credits in his books, verified merely by his own oath ; because that would be to make evidence for himself, and use his own books for a purpose not within the rule, by which that species of evidence is limited. An admission by the plaintiff, that the defendant had delivered him goods or paid him money, though good evidence to be given by his adversary against him, yet is not competent to be given by himself, in order to deprive his adversary of a substantial defence.

Assuming that we have put a right construction upon this statute, the next inquiry is, whether there was an open and mutual account between these parties ; or, in other words, whether there were mutual dealings : If there were, it being proved that there are several items on the debit side within six years, the right of action accrued at the date of the last of such items, and the limitation does not apply.

The action was brought by the plaintiffs upon the debit side of their account. It does not appear whether the defendant filed any account in offset ; probably not ; but the case was, by mutual consent, referred to an auditor, and his report is agreed to be taken as a statement of facts. It appears that the plaintiffs' account is made up of sundry small charges of market provisions, beginning 1st of January 1830, and ending October 28th 1833, amounting to $ 371·35. The auditor has stated two items of credit, the last of which was April 6th 1831, more than six years before action brought. One of these items was cash $ 17·60, for beef. It appears by the evidence, that the defendant agreed to take of the plaintiffs, who were retail dealers in provisions, a considerable quantity of beef, out of a particular

carcass mentioned, and pay cash for it ; and a few weeks after, the cash was paid. This was charged on one side, and the same amount credited on the other. We are inclined to think, that this payment can hardly be considered as a credit, in the general account. It was rather a specific payment, of one item appropriated to that item only, which alone would not be deem ed an item in account. But it is unnecessary to decide this definit'vely, because the other item of credit is not subject to the same consideration. It was an article of merchandise delivered by the defendant to the plaintiffs, in the ordinary course of business, either at an agreed price, or upon an implied promise of the plaintiffs to allow its value in account. We think this did prove that there was an open and mutual account between the parties, and the last item on the debit side being within six years, it was not barred by the statute.

We are aware that this decision is apparently opposed to that of *Gold* v. *Whitcomb,* 14 Pick. 188. In that case, the plaintiff relied on a book account, of which part of the charges were over, and part within six years ; there were credits, but none within six years ; and it was held, that all the items, which had stood more than six years before action brought, were barred by the s'atute of limitations. But this decision proceeded on the old statute, in which there was no provision similar to the revised statutes, on which this question depends. It was an implied exception to the words of the statute, and was founded on this principle ; that when the plaintiff sues on an account, which is, in whole or in part, of more than six years' standing, if he can show that the defendant has made payments of money, or advanced goods, labor or other value, *on that account,* it is an acknowledgment of the existence of the account, and raises an implied promise to pay the balance ; or, in the language commonly applied to it, draws after it the whole account. But, of course, regarding such payment as an acknowledgment, it must be deemed an acknowledgment, an implied promise, made at the time of such payment or advance by the defendant ; and therefore, if that payment had been made more than six years before action brought, it was no evidence of a promise within six

years, and of course would not avoid the operation of the statute
In the case cited, there being no credit within six years, there
was no new promise to avoid the statute, upon the principle of an
open and mutual account ; and therefore the statute was held to
be a good bar to all the debits of more than six years' standing,
when the action was brought.    But we think the revised statutes
have introduced a new rule upon this subject, somewhat more
plain, exact, and practical than the former statute ; and by it
the whole of an open and mutual account is taken out of the
operation of the statute, if any transaction on either side can
be proved to have been had within six years next before the ac-
tion brought.    It follows, of course, that if there be no item
upon either side within six years, the action is barred by the
general limitation.

*Judgment for the plaintiffs for $338·98, and interest.*