### GRIFFIN GIBSON *vs.* WYMAN BAILEY.

In an action to recover for labor, the plaintiff's memorandum book, containing his charges against the defendant, all entered on one leaf, with no intervening charges, and though written with a pencil, is admissible in evidence, on his suppletory oath.

ASSUMPSIT, on an account annexed to the writ, for labor done for the defendant. At the trial in the court of common pleas, before *Ward*, J. the plaintiff introduced a small memorandum book, containing the charges sued for, all which were upon one leaf of the book, with no intervening charges; and the whole were written with a pencil. The defendant objected to the admission of the book in evidence, but the judge overruled the objection, and permitted the book to go to the jury, with the suppletory oath of the plaintiff. A verdict was returned for the plaintiff, and the defendant alleged exceptions.

*Caverly*, for the defendant.

*O. P. Lord*, for the plaintiff.

BY THE COURT. In *Mathes* v. *Robinson*, 8 Met. 270, it was held that, "as the law has prescribed no mode in which a book shall be kept, to make t evidence, the question of

competency must be determined by the appearance and character of the book, and all the circumstances of the case, indicating that it has been kept honestly, and with reasonable care and accuracy, or the reverse." The same, in substance, was said by the court, in *Cogswell* v. *Dolliver*, 2 Mass. 217, the first reported case on this subject. We must presume, in the present case, that the appearance and character of the plaintiff's book indicated, to the satisfaction of the judge at the trial, that it was kept honestly, carefully and accurately.

It was decided, in *Faxon* v. *Hollis*, 13 Mass. 427, that a book was admissible, though kept in a ledger form ; that is, where all the charges against the defendant were entered on the same leaf of the plaintiff's book, with no intervening charges against others.

The objection, that the entries in the book were made in pencil, was not a cause for rejecting it. Under the statute of frauds, which requires certain agreements to be in writing, it is held that such agreements need not be written with ink, but that it is a sufficient compliance with the statute if they are written with a pencil. *Merritt* v. *Clason*, 12 Johns. 102. *Clason* v. *Bailey*, 14 Johns. 484. So an indorsement upon a promissory note, written with a pencil, is valid. *Geary* v. *Physic*, 5 Barn. & Cres. 234, and 7 Dowl. & Ryl. 653. So a will, written in pencil, is valid, if the court be satisfied that the testator intended that it should operate as his last will. *Rymes* v. *Clarkson*, 1 Phillim. 35. *Dickenson* v. *Dickenson*, 2 Phillim. 175. *In re Dyer*, 1 Hagg. Eccl. Rep. 219.

*Exceptions overruled.*