Dwinel *v.* Pottle.

---

### DWINEL *versus* POTTLE.

Where a party relies upon his own book and suppletory oath, as evidence of the performance of services or the sale of articles, it is indispensable, in order to a recovery, that he should testify that the services were performed or the articles delivered.

EXCEPTIONS from the District Court.

Assumpsit for barrels sold. The plaintiff introduced his book of accounts, took the suppletory oath, and testified that he made the charge for the barrels at the date of the bookcharge. He further testified, (against the objection of the defendant,) that the barrels were not paid for. On cross-examination, he testified that he did not deliver the barrels, but was absent from home when they were taken.

The defendant then objected to this testimony going to the jury, but it was admitted. The verdict was for the plaintiff.

*Bennett,* for the defendant.

1. The plaintiff was wrongfully permitted to testify that payment had not been made. That was a collateral or subsequent matter, and no part of the transaction, concerning which the book entry was made.

2. There was no evidence of a delivery. Such evidence is indispensable, when the book and oath of the party are relied on.

*S. Fessenden,* for the plaintiff.

The testimony that the barrels were not paid for, was at most but a useless statement. It did no harm.

There is no dispute that defendant had the barrels.

The case then turns upon the question of payment, and we have proved there was none. Besides, it was the defendant's business to prove payment, not ours to disprove it.

HOWARD, J. — Where a person has charged another, upon his books of account, with goods, or with labor and services, which may be the proper subjects of such charge, he is admitted in our courts, as a competent witness to support his claim for the account by his suppletory oath, generally, when better evidence, from the nature of the subject, is not attainable. But in order to render his books admissible as evidence, when the entries are made by himself, and supported by his oath, only, he must swear that he made them at, or about the time they purport to have been made ; that they are his original entries of the transaction ; and that the articles and services were respectively delivered, and performed, as there charged. *Cogswell* v. *Dolliver,* 2 Mass. 217 ; *Prince* v. *Smith,* 4 Mass. 455 ; *Faxon* v. *Hollis,* 13 Mass. 427 ; *Dunn* v. *Whitney,* 10 Maine, 12 ; *Mitchell* v. *Belknap,* 23 Maine, 477 ; *Leighton* v. *Manson,* 14 Maine, 213 ; 1 Greenl. Ev. § 118, and notes ; Pothier on Obl., part 4, ch. 1, art. 2, § 4 ; 1 Smith's Leading Cases, 142 ; *Eastman* v. *Moulton,* 3 N. H. 157.

To prove his claim, the plaintiff relied solely upon the evidence furnished by his book, and his suppletory oath. He did not, however, swear to a delivery of the articles charged by him, and did not, therefore, present a case in which his book was competent evidence to be submitted to a jury.

*The exceptions are sustained and a new trial granted.*