## TOWLE versus BLAKE.

Of the conditions under which the book of a party, with his suppletory oath, is admissible.

In an action for services rendered, if from the nature of the services, better evidence than a book charge may reasonably be supposed to exist, the party's book with his suppletory oath, is not competent evidence.

Nor is the plaintiff's book-charge competent to show the *price* of his services.

Thus an entry in plaintiff's book for making certain rods of fence, and the price per rod, is incompetent evidence to support the charge.

ON EXCEPTIONS from *Nisi Prius,* TENNEY, J., presiding. ASSUMPSIT upon an account.

The plaintiff offered his book, with his suppletory oath, to support the account. It contained this charge only against the defendant; "May 10, 1851, to building 92¾ rods cedar fence at 75 cts. $69,56."

It was objected to as incompetent evidence, but the presiding Judge admitted it.

On cross-examination, the plaintiff testified that he was about two months building the fence, with his two sons assisting him a part of the time.

The plaintiff also introduced a letter from the defendant, admitting that he had contracted with plaintiff to build that length of fence at fifty cents a rod, and that it had been built.

A verdict was returned for plaintiff.

The defendant excepted to the ruling of the Judge.

*D. D. Stewart,* for defendant.

1. This species of evidence is to be resorted to only when other proof cannot be obtained. *Holmes* v. *Marden,* 12 Pick. 171; *Dunn* v. *Whitney,* 1 Fairf. 13; *Windsor* v. *Dilloway,* 4 Met. 222; *Ames* v. *Wilson,* 22 Maine, 120.

2. The labor of plaintiff and others for two months in a single transaction is not a proper subject of book-charge. *Henshaw* v. *Davis,* 5 Cush. 145; *Earl* v. *Sawyer,* 6 Cush. 142; 1 Greenl. Ev. § § 118, 119.

3. Whether other testimony was introduced by plaintiff upon this point is of no sort of consequence, because this

Court cannot presume that the jury disregarded the plaintiff's book and oath, which the Judge ruled to be competent to prove the charge. It cannot be known *judicially* whether the verdict was for the 75 or 50 cents per rod. But as it may have been under the ruling (and in point of fact was) for the defendant, the verdict should be set aside.

*Hutchinson,* for plaintiff.

1. The testimony of plaintiff, drawn out on cross-examination, shows, that the work was accomplished by a succession of days work, and was admissible within the rule of law giving discretion to the presiding Judge. *Cogswell* v. *Dolliver,* 2 Mass. 117; *Prince* v. *Smith,* 4 Mass. 455; *Amee* v. *Wilson,* 22 Maine, 116.

2. But there was other testimony to show that the fence was built, and evidence sufficient to support the verdict, without the book, so no injustice has been done, and in such cases a verdict will not be disturbed. No authorities need be cited to this position.

CUTTING, J. — The presiding Judge admitted the plaintiff's book supported by his suppletory oath to go to the jury as competent evidence to prove the following charge: —

"May 10, 1851. To building 92¾ rods cedar fence, 75 cts, $69,56." In examining the question presented, it becomes immaterial to consider the effect of the subsequent testimony, since the evidence, if legally admitted, was sufficient to justify the jury in rendering their verdict for the plaintiff.

It is also unnecessary here to narrate the rise, progress, application and extent of the rule of law admitting account books and the suppletory oath of the party as competent evidence. Curiosity can be abundantly gratified upon that point on examining the following cases. *Cogswell, Ex'r,* v. *Dolliver,* 2 Mass. 217; *Prince, Ex'r,* v. *Smith,* 4 Mass. 455; *Faxon* v. *Hollis,* 13 Mass. 427; *Smith* v. *Sanford,* 12 Pick. 139; *Hancock* v. *Cook,* 18 Pick. 31; *Winsor* v. *Dilloway,* 4 Met. 222; *Henshaw* v. *Davis,* 5 Cush. 145; *Earle* v. *Sawyer,* 6 Cush. 142; *Dunn* v. *Whitney,* 10 Maine, 9;

Towle *v.* Blake.

*Leighton* v. *Manson*, 14 Maine, 208; *Clark* v. *Perry*, 17 Maine, 175; *Mitchell* v. *Belknap*, 23 Maine, 475; *Eastman* v. *Moulton*, 3 N. H., 156; *Cummings* v. *Nichols*, 13 N. H., 420.

From all which it is deducible, that the rule had its origin in *New England* from necessity, has extended into other parts of the Union, is of a dangerous nature and should be limited as the necessity diminishes; it should appear that the book is the original book of entries, and the charges made therein at or near the time of the delivery of the articles or performance of the services, and of such a nature that they could not ordinarily be proved by other evidence; that the "rule is contrary to the policy of the common law, and which courts have always been disposed to restrain within the limits prescribed to it by the usage in which it was founded."

It was decided in *Henshaw* v. *Davis*, that "the book-charge of three months service as one item, was inadmissible according to all the authorities."

In *Earle* v. *Sawyer*, that the book containing the charge, "To stairs, $57," should not have been admitted. ·

In *Leighton* v. *Manson*, the delivery of a large quantity of beef, charged in two items on the same day, could not be proved by the book and oath, for the reason "that the person making the entries, could not reasonably be supposed to have delivered them without assistance, and that better evidence of delivery might be produced."

In *Clark* v. *Perry*, the Court say, " in admitting the plaintiff to testify, that the price charged was a fair one, a greater latitude may have been indulged, than the necessity of the case required."

Also in *Mitchell* v. *Belknap*, " no contract as to price, or statement of the value of the goods has been allowed to be given in evidence by the one, who offers his book in his own favor."

Now, can the ruling of the Judge, in the case under consideration, be reconciled with the principles and authorities before cited? The evidence ruled admissible proved the

price as well as the materials and labor, for they were all embraced in "the charge."

If the plaintiff had entered into a special contract to build the fence for a specified sum, it would not be pretended, that he could prove such contract by his book and oath; and if no such agreement had previously been made, and he understood that his compensation was to be a *quantum meruit*, he would naturally and ordinarily have charged his labor each day; but from aught that appears, and very probably from what does not appear, there was a special contract, which accounts for his neglect to make the daily charges, and that the subsequent charge in gross was the result of an afterthought and made for the purpose of realizing more than the contract price, and thus far, under the ruling, he may have succeeded.

To sustain the ruling would be to establish a most dangerous precedent; it would be no less than an inducement to special contractors to deny the contract price, charge in one item both labor and price, and then, by their book and oath, to attempt to recover such charge. If in the plaintiff's account, the word house be substituted for fence, and any number of cyphers be added on the right of the dollars, the ruling would be as pertinent and appropriate in the one case as in the other. The result of the admission of such testimony would be to extend the rule to its utmost limit and permit a party to manufacture testimony for himself when the truth might be shown by other evidence. In this case, to say the least, it was no more difficult for the plaintiff to show by other evidence, that he built the fence, than it was for Leighton to prove that he delivered the beef. And to permit the book and oath to prove the price was still more objectionable. It will not be pretended, that no other person ever saw the fence, or that the plaintiff could not have sent some one to examine and measure it, even after the suit was commenced, who could have given disinterested testimony as to its value. *Exceptions sustained, verdict set aside, and a new trial granted.*

SHEPLEY, C. J. and RICE and APPLETON, J. J., concurred.