## ANDERSON *v.* AMES & CO.

Where on the trial of a cause, the plaintiff produced a small book, containing the account on which suit was brought, in which were charges against the defendants and other persons, which account, among other things, charged the defendants with a certain quantity of stone; and

Anderson v. Ames & Co.

where the plaintiff testified that the charges in said book against the defendants, were not made at or near the time of the transaction, for the reason that he was not present when the defendants were getting the stone; that the defendants told him, after they had finished getting the stone, the amount, which he then entered as appeared in said book; that this was his book of original entries; and that the charges therein made were true; and where the defendants objected to the introduction of the book in evidence : 1. Because the same was not a book of accounts within the meaning of the Code; and 2. Because the entries were not proper evidence, on account of the manner of making them, which objections were overruled, and the book admitted in evidence ; *Held*, 1. That the book, so far as it related to the stone, was properly admitted in evidence ; 2. That as to the other items of the account, the book should have been rejected; 3. That the showing of the plaintiff brought the book within the reason and spirit of the statute.

A bill of exceptions which embraces all the rulings and decisions of the court on the trial, complained of, and shows that the exceptions were taken in fact at the proper time, is unobjectionable. It is not necessary that each ruling complained of should be the subject of a separate bill of exceptions.

*Appeal from the Monroe District Court.*

WEDNESDAY, OCTOBER 13.

On the trial of this cause, the plaintiff, to sustain his action, produced a small book, containing charges against the defendants and other persons, which contained the following account:

EDWIN AMES & Co.,    Albia, Iowa,           Dr.
To CHAS. W. ANDERSON.

| | | |
|---|---|---|
| July 28, 1855, to 7 perch stone, at 75c. per perch,.. | $5 25 |
| to 1 keg blasting powder,.......... | 6 50 |
| Oct.        to 200 perch stone, 25c. per perch,.. | 50 00 |
| to 11 stone wedges,............... | 1 20 |
| to 1 coal pick,.................... | 1 50 |
| to 1 stone hammer,............... | 3 00 |

$67 45

The plaintiff was then sworn, and stated that the charges in said book were not made at or near the time of the transaction, for the reason that he was not present when

the defendants were getting the stone; but that afterwards in the month of October, 1855, defendants told him, after they had finished getting them, the amount, which he then entered, as appears in said book. He also stated that this was his book of original entries, and that the charges therein made were true. To the introduction of this book as evidence, the defendants objected: 1. Because the same was not a book of accounts within the meaning of the Code; and 2. Because the entries were not proper evidence, on account of the manner of making the same. These objections were overruled, and the book admitted. Judgment for plaintiff. Motion in arrest and for a new trial, made and overruled. Defendants appeal.

*T. B. Perry* and *Cassady & Crocker*, for the appellants.

*Kelsey & Kelsey*, for the appellee.

WRIGHT, C. J.—The Code, (section 2406), provides that it must be shown by the party's own oath, or otherwise, that the charges made in his book of original entries, were made at or near the time of the transactions therein entered, unless satisfactory reasons appear for not making such proof. In this case, the plaintiff stated that the charges were not made at or near the time of the transaction, and the reason given is, that he was not present at the time the stone was taken by defendants, but that afterwards, in the month of October, 1855, and after they finished the work, they told him of the amount, which he then entered as appears in the book.

So far as the book relates to the stone, we think it was properly received. The reason given, seems to us satisfactory. It was for the court to judge of the competency of the evidence offered, and the province of the jury to determine the credibility or weight to be given to the book when before them. *Coxwell* v. *Dollivir*, 2 Mass., 217; *Elder* v. *Warfield* 7 Harr. & Johns., 391. *Prima facie*, it would seem that the entry was made at or about the

time he first had knowledge of what charge he should make—or to what extent the defendants were debtors. The spirit and reason of the law, we think, was complied with.

As to the other items, we think the book should have been rejected. It will be observed that defendants are charged with powder, wedges, pick, and hammer. As to these, as well as the stone, the plaintiff stated that the charges were not made at or near the time of the transaction; but the reasons given for not making such entries apply alone to the items for stone. There is nothing to show why the other items were not entered at the proper time. Without some satisfactory reasons, applicable as well to the items for powder, &c., as to those for stone, the book, as to such items, should have been rejected.

The appellee suggests that the bill of exceptions is not signed by the judge. In taking this position, he misapprehends the record. The bill of exceptions incorporates what purports to be the greater part of the evidence, the motions for a new trial, and the affidavits in support of the same, and is then signed by the judge. Instead of taking several bills of exceptions, the second exceptions taken were all embodied in one. To this practice there is no conceivable objection. And particularly where, as in this case, it appears that exceptions were taken in fact to the several rulings and decisions, at the proper time.

Judgment reversed.