WILLIAM K. LANCEY and another

*vs.*

MAINE CENTRAL RAILROAD COMPANY.

Somerset.   Opinion January 7, 1881.

*R. S., c. 81 § 84.   Limitations.   Mutual dealings.*

When parties make out what they believe to be a correct itemized account of their mutual dealings, and the balance is thereupon ascertained and paid, the items can no longer be considered unsettled within the meaning of R. S., c. 81, § 84, although one item was omitted by mistake.

And if in such case, six years thereafterwards, on discovering the omission an action declaring on the entire account is brought to recover the real balance, the statute of limitations will bar the recovery.

ON EXCEPTIONS.

Assumpsit on account annexed.

Plea, general issue and brief statement setting up the statute of limitations.

The facts appear in the opinion.

*D. D. Stewart*, for the plaintiffs.

The plaintiffs' books of account show a continuous and unbroken line of charges and credits, not only every year, but nearly every month in the year from the commencement to the close, from 1863 to 1870.

The defence is R. S., c. 81, § 84.

The history of this statute of limitations dates back to 21 James I, c. 16, § 3, which became a part of our statute of 1821. It was modified in R. S., 1841, c. 146, § 9, which was re-enacted by R. S., 1857, c. 81, § 99.   After the decision *Theobald* v. *Stinson*, 38 Maine, 149, the law was changed, stat. 1867, c. 117, § 1, which was further changed by R. S., c. 81, § 84.

The case at bar came within the strict rigor of the rule of *Theobald* v. *Stinson*, *supra*, for both parties here kept the accounts.   It is within the rule laid down in *Catling* v. *Skould-*

*ing,* 6 T. R. 189 ; *Davis* v. *Smith,* 4 Maine, 340 ; and *Baker* v. *Mitchell,* 59 Maine, 223.

But the learned judge was of the opinion that because the defendants at different times made payments and at such times took receipted bills of a part of plaintiff's accounts, the whole account could not be regarded "mutual dealings between the parties, the items of which are unsettled" within the meaning of the statute.

If this ruling is correct then a party can never safely receive "part of his pay" upon a mutual account without losing the protection of the balance under this statute.

All the plaintiffs did was to draw off at two or more times the items of part of their account, and, when paid, receipt them as paid. This was very far from an "account stated." *Bass* v. *Bass,* 8 Pick. 193 ; *Charman* v. *Henshaw,* 15 Gray, 293 ; *McLellan* v. *Crofton,* 6 Maine, 337 ; *Chace* v. *Trafford,* 116 Mass. 532.

That the ruling was erroneous is clearly shown by *Penniman* v. *Rotch,* 3 Met. 216 ; *Dickinson* v. *Williams,* 11 Cush. 258 ; *Safford* v. *Barney,* 121 Mass. 300 ; *James* v. *Clapp,* 116 Mass. 358 ; *Baker* v. *Mitchell,* 59 Maine, 223 ; *Hagar* v. *Springer,* 63 Maine, 506 ; *Benjamin* v. *Webster,* 65 Maine, 171 ; *Sibley* v. *Lumbert,* 30 Maine, 253 ; *Walker* v. *Butler,* 6 El. and Bl. 506.

*H. and W. J. Knowlton,* for the defendants, cited: R. S., c. 81, § 84 ; *Dyer* v. *Walker,* 54 Maine, 18 ; *Benjamin* v. *Webster,* 65 Maine, 170 ; stat. 1867, c. 117 ; R. S., c. 81, § 93 ; *Bell* v. *Morrison,* 1 Peters, 351 ; *Clementson* v. *Williams,* 8 Cranch, 72 ; Angell on Limitations, page 244 ; *Long* v. *Grenville,* 10 E. C. L. 5 ; *Collyer* v. *Willock,* 13 E. C. L. 447 ; *Mills* v. *Fowkes,* 35 E. C. L. 175 ; *Burn* v. *Boulton,* 52 E. C. L. 474.

VIRGIN, J. When parties make out what they believe to be a correct itemized statement of their mutual dealings and the balance is thereupon ascertained and paid, "the items" can no longer be considered "unsettled" within the meaning of R. S., c. 81, § 84, although one was omitted by mistake. And if, six

years thereafter, on discovering the erroneous balance, an action counting on the entire account is brought to recover the real balance, the statute of limitations will bar the recovery. This is made apparent from a history of the statute, its amendments and various decisions thereon.

The stat. 1821, c. 62, § 7, which excepts from the statute of limitations "such accounts as concern the trade of merchandise between merchant and merchant," is a transcript of the Massachusetts stat. of February 13, 1787, § 1, which in turn is a copy of the stat of James I, c. 16, § 3.

The leading English case upon the subject of mutual accounts between parties other than merchants is *Catling* v. *Skoulding*, 6 T. R. 189, in which it was held that, if there be a mutual account of any sort between the parties for any item of which credit has been given within six years, that is evidence of acknowledgment of there being such an open account current between them and of a promise to pay the balance, so as to take the case out of the statute. Lord C. J. Kenyon said: "Here are mutual items of account; and I take it to have been clearly settled, as long as I have any memory of the courts, that every new item and credit in an account given by one party to the other is an admission of there being some unsettled account between them, the amount of which is to be afterward ascertained; and any act which the jury may consider as an acknowledgment of its being an open account, is sufficient to take the case out of the statute. Daily experience teaches us that if this rule be now overturned, it will lead to infinite injustice." This case does not seem to place its decision upon a construction of the statute, but rather upon an independent ground that, the items within six years are admissions of an unsettled account and is equivalent to evidence of a new promise which takes the other items out of the statute.

The Massachusetts court cited and followed that decision, *Cogswell* v. *Dolliver*, 2 Mass. 217, and the court in this State adopted the same doctrine, citing the above cases and calling it a reasonable judicial construction of the statute. *Davis* v. *Smith*, 4 Maine, 337.

The later decision in this State defined the word "accounts" in the statute of 1821, as "open or current accounts" as distinguished from "stated accounts;" and "stated accounts," those which have been examined by the parties, and where a balance due from one to the other has been ascertained and agreed upon as correct. *McLellan* v. *Crofton*, 6 Maine, 307, 337. And the reason for giving a different construction to open and stated accounts was stated by MELLEN, C. J. as follows: "While an account remains open, each party is depending, for the recovery of the balance he may consider due him, upon the promise which the law raises on the part of him who is indebted, to pay that balance; but when the parties have stated, liquidated and adjusted the account, and thus ascertained the balance, it ceases to be an account; it has lost the peculiar character and attributes of an account; what was before an implied promise to pay what should be found to be a reasonable sum, by such liquidation and stating of the account at once becomes an express promise to pay a sum certain. . . Such balance is a result in which previously existing accounts become merged and lose their character and existence."

In the revision of 1841, the statute of limitations was redrafted. The clause relating to merchants' accounts was dropped. The provision relating to accounts no longer retained the form of an exception, but adopted the decision of the court in the terms used by the court by providing that, "in all actions brought to recover the balance due upon "mutual and open accounts current, the cause of action shall be deemed to have accrued at the time of the last item proved in such account," c. 146, § 9. The same provision was transcribed into the revision of 1857, c. 81, § 99.

In *Theobald* v. *Stinson*, 38 Maine, 149, followed by *Dyer* v. *Walker*, 51 Maine, 104, the court held that to constitute "mutual accounts" each party must have one or more written charges against the other. Thereupon the legislature added to the section the clause: "And it shall be deemed a mutual and open account current, when there have been mutual dealings between the parties, the items of which are unsettled, whether kept or proved by one party or both." Stat. 1867, c. 117.

In the revision of 1871, the definition was substituted for the terms defined. The phrase "mutual and open account current" has given way to "mutual dealings the items of which are unsettled, whether kept or proved by one party or both." That is mutual dealings whether kept or proved by one party or both, now constitute a "mutual account;" and "mutual dealings," the items of which are unsettled "constitute an open account current" as distinguished* from a stated account, or one that has been adjusted, liquidated and a balance struck after examination by the parties.

And now, as before the amendment in 1867, when the items of the mutual dealings have been examined, the respective sums fixed and the balance agreed upon by the parties and it has been paid, there is no longer an open account current between them, as stated by MELLEN, C. J. *supra;* or, in the language of the statute, there are no longer mutual dealings between the parties, the items of which are unsettled. The settlement changed the character of the account. The items became discharged by the payment of the agreed balance which resulted from setting off against each other the counter items. The discharge of the items is a consideration to sustain a promise to pay the balance. *May v. King*, 12 Mod. 538; S. C. 1 Ld. Raym. 680; *Callander v. Howard*, 10 C. B. (70 E. C. L.) 290. And if one of the items of the account was overlooked, the settled account, after six years can afford no aid in taking it out of the statute of limitations. *Union Bank v. Knapp*, 3 Pick. 96, 113.

Neither does it make any difference that a new account runs on from the date of the last item in the settled account, and is begun even before the balance in the former is paid. Parties may settle frequently or otherwise. If the items are drawn off from one certain date to another, and in due time settled and paid, the running on of a new account from the latter date can have no effect upon the former one which is settled, and neither can the settled account have any effect upon the new one. On the contrary the settled account drops out as if it never had existed.

An application of these principles to the facts in the case at bar sustains the ruling.

The plaintiffs had furnished the Portland and Kennebec Railroad Company large quantities of lumber nearly every month from July 31, 1863 to November 18, 1870, of which by the act of consolidation the defendant company became liable for any unpaid balance.    August 11, 1864, the plaintiffs rendered to the Portland and Kennebec Railroad Company, an itemized bill for lumber delivered between May 7, and August 11, amounting to $712.28, which was settled and paid January 25, 1865, and receipted by the plaintiffs.    The plaintiffs continued to deliver to the Portland and Kennebec Railroad Company, lumber on and after August 11, as before.    On the last of December, 1864, they rendered a bill which had accrued from August 11, to December 31, 1864, amounting to $10,029.66, which was paid and receipted April 24, 1865, and the plaintiffs continued to deliver lumber and render bills therefor, sometimes monthly and other times at longer periods, down to March 7, 1870, which were all paid and receipted in due time.    It was afterwards discovered that four items of lumber delivered on July 31, 1863, amounting to $240.66 and one of 1492 sleepers, delivered July 26, 1865, had been overlooked.    On March 2, 1876, the plaintiffs sued on their whole account from July 31, 1863 to November 17, 1870, including the omitted items, and contended that they had a right to recover upon the ground of mutual unsettled dealings within the provisions of R. S., c 81, § 84.    But the presiding justice ruled that the items which accrued more than six years before the date were barred by the general statute of limitations; and we think the ruling was correct.

We are also of the opinion that the exclusion of the several receipts offered by the plaintiffs was correct, as the money represented by them had been allowed by the parties upon specific bills rendered and settled.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, LIBBEY and SYMONDS, JJ., concurred.